It appeared upon the trial at Orange, on the last circuit, before his Honor, Judge Pearson, that the defendant had instituted a prosecution in the county court against the plaintiff, and his brother and mother, for mismarking the defendant's hogs, and that the plaintiff and his brother had been convicted in the county court, but upon an appeal had been acquitted of the charge in the Superior Court. The plaintiff then offered to prove that the conviction in the county court was founded upon the testimony of the defendant and one other witness only; that the defendant and the other witness who was in his employment and under his influence had given false testimony on the trial; that before the charge was preferred they had express knowledge of the plaintiff's innocence and that the defendant was actuated in the institution and prosecution of the indictment by the most express malice. To this evidence the defendant objected, and insisted that the verdict of guilty in the county court, although it was appealed from and the defendant acquitted in the Superior Court, was conclusive proof of probable cause and could not be contradicted by any species of evidence. His Honor being of this opinion refused to admit the evidence, and the plaintiff submitted to a judgment of nonsuit and appealed.
(316) This case differs from that which was before the court a year ago between the plaintiff's brother and the same defendant (ante 2, vol. 492) only in showing more explicitly the innocence of the plaintiff and the malignant motive of the defendant. But the same principle governs both, notwithstanding that difference in the detail of the circumstances. The principle is that probable cause is judicially ascertained by the verdict of the jury and judgment of the court thereon, although upon an appeal a contrary verdict and judgment be given in a higher court. Our opinion being that probable cause is judicially established by those means, it follows that no evidence is competent to disprove it.
It is insisted that the present case is a strong example of the hardship of the rule, and calls for some relaxation of it at the least, since the conviction was grossly unjust, within the knowledge of the prosecutor, and obtained by perjury. It is doubtless a grievous thing that a person should be concluded as to any of his rights by a judgment founded in error, and especially if procured by perjury or subornation of perjury. *Page 251 
But that is the consequence of every judgment, although it may have been thus procured; and the conclusiveness of a judicial sentence is not more oppressive in its application to a case of this sort than to any other, in which the party to be affected may be able satisfactorily to explain or contradict the former proofs against him. Every party is supposed to bring to the trial all such proof as he may have, that is material to the support of the issue on his part; and every court in cases within its jurisdiction must be deemed competent duly to weigh the facts and circumstances thus in evidence, and the credit of the witnesses deposing to them. Hence another court before which the matter is brought collaterally, must receive that sentence as proving its own verity, and cannot look beyond it to the evidence on which it was founded. If the present plaintiff were at liberty to aver that the witnesses who testified against him in the county court were perjured, or that the court was mistaken in the conclusion drawn from their testimony, and to support those averments by evidence; for the same reason, the present defendant ought to be permitted, in his turn, in an action to be brought by him, to sustain by fuller proof the evidence first given by him on the prosecution, and to show that the evidence now offered by the plaintiff is (317) itself false and perjured. The result would be the interminable prosecution of the same litigation between the parties, alternately changing sides. If upon the appeal the prosecutor had been again successful in obtaining a conviction, the plaintiff could not support this action upon the proof here offered or any other, because his guilty would be conclusively established by the judgment, however corrupt were the means of procuring it. So in the present state of the case (another ingredient of the action, namely, the want of probable cause which is as essential to the plaintiff's action as is his innocence, is completely negatived, be cause the proof that satisfied the jury and the court then trying the plaintiff that he was guilty, must, upon the ground already adverted to, be deemed by another court to establish that there was then probable cause. The judgment in the county court justifies the institution of the prosecution in that court.)
PER CURIAM. Judgment affirmed.
Cited: Bell v. Pearcy, 33 N.C. 234. *Page 252