PETER TYKESON v. AMOS B. BOWMAN.[1]

January 18, 1895.

No. 9202.

**Malicious Prosecution—Res Judicata.**

There was a dispute between a creditor and a debtor as to the amount of the balance due, and the creditor threatened to make trouble for the debtor unless he agreed to pay the amount claimed by the creditor as due, and give security therefor, which he refused to do. Thereupon the creditor commenced suit therefor, and sued out and levied a writ of attachment on the property of the debtor. The attachment was dissolved, but thereafter the creditor had a verdict for less than he claimed, but more than the debtor admitted to be due, and judgment was entered thereon. *Held,* in an action for malicious prosecution in suing out and levying the attachment, such judgment did not estop the plaintiff from proving the amount due, for the purpose of showing the malice or bad faith of the defendant.

**Attachment—Evidence of other Indebtedness.**

The grounds for issuing the attachment were that the debtor had assigned, secreted, and disposed of his property with intent to delay and defraud his creditors, and was about to do the same with his property, with like intent. *Held* that, in the action for malicious prosecution, it was competent for the plaintiff to prove that at the time the writ was issued he was indebted to no one but the defendant.

**Same—Evidence of Conduct.**

*Held,* it was not error to permit the plaintiff to prove that the sheriff, after the levy, turned the property over to the attaching creditor, and to prove the conduct of such creditor in connection therewith.

[1] Reported in 61 N. W. 909.

Same.

*Held,* it was not error to permit the plaintiff to prove that, immediately after the attachment was dissolved, the attaching creditor brought replevin for the property thereby released, as tending, with other circumstances, to show malice and want of probable cause.

Verdict Sustained by the Evidence.

*Held,* the verdict is sustained by the evidence, and not so excessive that an appellate court would be justified in granting a new trial on that ground.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., denying defendant's motion for a new trial. Affirmed.

*Bion A. Dodge,* for appellant.

*Henry B. Farwell,* for respondent.

CANTY, J. This is an action for malicious prosecution in suing out a writ of attachment, and levying it on the plaintiff's personal property. The jury returned a verdict for plaintiff for the sum of $450, and from an order denying his motion for a new trial defendant appeals.

The plaintiff, Tykeson, was a farm laborer, in the employ of defendant, Bowman, and purchased of Bowman horses, cows, hay and other feed, farming tools and machinery, mostly on credit, and rented of Bowman some farming land. There was no written contract between them. About eight months afterwards a dispute arose between them as to the terms of the sale, the price to be paid for some of the articles sold, and as to the amount still remaining due. Tykeson claims that the total amount of his indebtedness was $972, of which he had paid all but about $126. Bowman claimed that the total indebtedness was over $1,100, and of this there remained unpaid $348. Bowman wanted a chattel mortgage on the property, to secure this balance, which Tykeson refused to give. Bowman commenced an action against Tykeson to recover this balance, and sued out a writ of attachment, stating in his affidavit therefor that Tykeson had assigned, secreted, and disposed of his property with intent to delay and defraud his creditors, and is about to assign, secrete, and dispose of his property with like intent. On November 11, 1893, the writ was levied on hay, oats, and farming tools and machinery, and also on three horses and harness, two

wagons, and two cows, the property of Tykeson. After being held for 45 days under the levy, the attachment was dissolved, and the property returned to Tykeson. It is admitted by the pleadings in this action that in the first action the jury returned a verdict for Bowman for $160, on which judgment was entered in his favor.

1. On the trial of this action the court permitted this plaintiff to prove his original contract with Bowman, the price paid for the property, and the balance due. Appellant assigns this as error, and urges that all these matters became res judicata by said judgment. It is true that the balance due was conclusively settled by that judgment, but whether or not Bowman acted maliciously in suing out the writ of attachment was not settled by the judgment. Malice can only be proved by circumstantial evidence. Bowman got a verdict for only $160, while he claimed $348. If he was acting in bad faith in demanding more than was due, it was a circumstance for the jury to consider. There is evidence that he threatened to make trouble for Tykeson if he did not accede to his demands. Under these circumstances it was a question for the jury whether the attachment was taken out merely as a means of enforcing payment of an unjust demand. The evidence was competent to show whether or not Bowman made the demand and procured the attachment in good faith.

2. It was competent for the plaintiff to prove that at the time the attachment was made he owed no one but Bowman.

3. It is assigned as error that plaintiff was allowed to prove that after the attachment the sheriff delivered the property to Bowman, and that, after the dissolution of the attachment, Bowman, in the presence of the sheriff, tried to get Tykeson to sign some paper before he would surrender the property to Tykeson. Assuming that the sheriff had a right to make the attaching creditor his receiptor, we cannot see much materiality in this evidence. But it may have thrown some light on Bowman's motives, and we cannot say that it is incompetent.

4. Immediately after the attachment was dissolved and the property returned to Tykeson, the sheriff retook the property in replevin suits instituted by Bowman, on the claim that the sale of this property to Tykeson was a conditional sale, and that he was entitled to take possession on default of payment of the purchase price. On

the trial of this action the replevin proceedings were put in evidence, and appellant assigns this as error. If it was error, it was without prejudice, as appellant had already set up these replevin proceedings in his answer in this action. But it seems to us that this evidence was competent. The commencement of these replevin suits was a circumstance to be considered with other circumstances tending to show malice and want of probable cause for making the attachment. The inference to be drawn from the inconsistent course of Bowman was for the jury.

5. There is sufficient evidence to sustain a verdict for plaintiff, and we cannot say that the verdict is excessive. While we would be better satisfied if the trial court had cut the verdict down $100 or $150, we do not feel that as an appellate court we should do so. Plaintiff offered evidence tending to prove that the value of the use of his horses, wagons, and cows during the time the property was held on the attachment was about $250; that it cost him $25 for attorney's fees, but, except as aforesaid, he did not prove the value of the attorney's services. But the trial court charged that, if the plaintiff was entitled to recover at all, he was entitled to recover these attorney's fees, and also to recover for any injury to his credit, to his good name, and for injury to his feelings an amount to be fixed by the jury in the exercise of a sound discretion; and also charged them that, in their discretion, they might award punitive damages. There was no exception to the charge. But, while the proof of malice is sufficient to sustain a verdict for compensatory damages, the circumstances, some of which we have not mentioned, were not sufficient to warrant a verdict for any considerable amount of punitive damages, or for any considerable amount of damages for the other elements of damage enumerated in the charge as above stated. But we cannot say that all these elements of damage, taken together, may not be sufficient to account for the balance of the verdict. These are all the assignments of error having any merit, and the order appealed from should be affirmed.

So ordered.