## THOMAS SKEFFINGTON v. DANIEL EYLWARD.[1]

February 2, 1906.

Nos. 14,552—(158).

**Malicious Prosecution.**

In an action for malicious prosecution, a conviction of the plaintiff, which was reversed on appeal and the plaintiff discharged, is not conclusive, but strong prima facie, evidence of probable cause, which may be rebutted, not only by evidence tending to show that the conviction was procured by fraud or perjury, but also by any competent evidence which satisfies the jury that the prosecutor did not have probable cause for instituting the prosecution.

**Verdict.**

The verdict for the plaintiff in this case is sustained by the evidence.

Appeal by defendant from an order of the district court for Rice county, Buckham, J., denyng a motion for a new trial. Affirmed.

*William W. Pye,* for appellant.
*A. B. Childress,* for respondent.

START, C. J.

This is an appeal by the defendant from an order of the district court of the county of Rice denying his motion for a new trial in an action

[1]Reported in 105 N. W. 638.

for malicious prosecution, in which there was a verdict for the plaintiff for $250.

The undisputed evidence establishes these facts: The defendant was chairman of the board of town supervisors of the town of Webster. Complaint having been made to him that the plaintiff had obstructed a public highway of the town, he investigated the charge, consulted with the county attorney with reference to the matter, and then made a complaint before the municipal court of the city of Northfield charging the plaintiff with such offense. The plaintiff pleaded not guilty to the charge, but upon a trial by the judge without a jury he was found guilty, and appealed from the judgment to the district court. The cause was dismissed and the plaintiff discharged in the district court upon motion of the county attorney.

1. The first contention of the defendant is that the conviction of the plaintiff by the municipal court is conclusive evidence that the defendant had probable cause for instituting the prosecution. Therefore there was no evidence to support the verdict. The jurisdiction of the municipal court of the city of Northfield in criminal cases triable within the county is the same as that of justice of the peace. We have, then, the question whether the conviction of a party in a justice or municipal court, which is reversed on appeal of the case to the district court, is conclusive or prima facie evidence of probable cause for instituting the prosecution.

The case of Flikkie v. Oberson, 82 Minn. 82, 84 N. W. 651, was an action for malicious prosecution. The evidence showed that upon the complaint of the defendant the plaintiff was arrested, tried, and convicted in justice court upon the charge of having obstructed a public highway; that he appealed to the district court and was acquitted; and that such prosecution was the basis of the action for malicious prosecution, in which the plaintiff had a verdict. The defendant appealed to this court from an order denying his motion for judgment notwithstanding the verdict or for a new trial. The principal contention of the defendant in this court was that there was no evidence to sustain the verdict. This court held that the evidence was sufficient to support the verdict, and affirmed the order. In the case cited there was no evidence tending to show that the judgment in the justice

court convicting the defendant was obtained by fraud or perjury. It follows that this court, in affirming the order, necessarily held that the judgment was not conclusive evidence of probable cause for instituting the prosecution. There was, however, no claim made by the defendant that the judgment was conclusive evidence of probable cause. It seems to have been assumed by counsel for the defendant that, the judgment having been reversed by the district court, it was not conclusive, and that this court proceeded upon such implied concession without any discussion of the question.

While the decision in that case fully justified the learned trial judge in this case in holding that the conviction of the plaintiff in the municipal court was not a conclusive bar to his recovery of damages for the alleged malicious prosecution, yet in view of the circumstances under which that decision was made we would not follow it, if satisfied that it was unsound in principle. We have accordingly considered the question on its merits. The question is not free from doubt, and the decisions of the courts are conflicting.

A number of cases, especially the earlier ones, hold that if the defendant in a criminal proceeding is convicted in the first instance, and appeals, and is acquitted in the appellate court, the conviction below is nevertheless conclusive of probable cause for his prosecution. Cooley, Torts, *185. Another class of cases, perhaps the greater number, hold that a judgment convicting the defendant in a criminal case, although reversed on appeal and the defendant acquitted, is conclusive proof of probable cause in an action by the defendant to recover damages for malicious prosecution, unless he alleges and proves that the judgment was obtained by fraud or perjury. Newell, Mal. Pros. 299; 19 Am. & Eng. Enc. (2d Ed.) 667. A third class of cases holds that a judgment convicting the defendant in a criminal proceeding, which is reversed on appeal, is not conclusive, but prima facie, evidence of probable cause, which may be rebutted by any competent evidence which clearly overcomes the presumption arising from the fact of the defendant's conviction in the first instance. 1 Jaggard, Torts, 618; Burt v. Place, 4 Wend. 591; Nicholson v. Sternberg, 61 App. Div. 51, 70 N. Y. Supp. 212; Goodrich v. Warner, 21 Conn. 432; Ross v. Hixon, 46 Kan. 550, 26 Pac. 955, 12 L. R. A. 760, 26 Am. St. Rep. 123; Barber v.

Scott, 92 Iowa, 52, 59, 60 N. W. 497; Nehr v. Dobbs, 47 Neb. 863, 66 N. W. 864; Bechel v. Pacific, 65 Neb. 826, 91 N. W. 853.

It is difficult to see any substantial distinction between the first and second class of cases to which we have referred. If the presumption of probable cause, arising from a judgment in the first instance which is reversed on appeal, can only be rebutted by alleging and proving that the judgment was obtained by fraud or perjury, then the judgment is practically conclusive evidence of probable cause, because any judgment, although it imports absolute verity, may be impeached for fraud or perjury in a proper action or proceeding. The true and logical reason why a conviction, reversed on appeal and the defendant discharged, is relevant evidence on the issue of probable cause, is not that the judgment imports absolute verity; for, after the reversal and discharge there is in fact and law no judgment. The true reason, as stated in the case of Nehr v. Dobbs, supra, is the fact that, ordinarily, if a court having jurisdiction has upon a full and fair trial proceeded to conviction, it must have had before it such evidence as would convince a prudent and reasonable man of the guilt of the accused. Therefore, while a subsequent reversal may show that the accused was in fact innocent, yet it does not show that there was no probable cause for believing him guilty.

If such be the basis for receiving in evidence a judgment, which has been reversed, on a trial of the question of probable cause, it logically follows that it is not conclusive, but prima facie, evidence of probable cause, which is entitled to serious consideration in determining the issue. It follows that, the presumption arising from such evidence being a rebuttable one, the evidence to rebut it cannot be limited to a direct impeachment of the judgment for fraud or perjury, but that any competent evidence is admissible which tends to show that the prosecutor did not have probable cause. We accordingly hold that, in an action for malicious prosecution, a conviction of the plaintiff, which was reversed on appeal and the plaintiff discharged, is not conclusive, but strong prima facie, evidence of probable cause, which may be rebutted, not only by evidence tending to show that the conviction was obtained by fraud or perjury, but also by any competent evidence which satisfies the jury that the prosecutor did not have probable cause for instituting the prosecution.

2. It is further urged on behalf of the defendant that, because it was his official duty to prosecute all persons violating the provisions of the statute (G. S. 1894, § 1863) relating to the obstruction of public highways, he is not liable for a mistake of judgment, even if another has suffered by the mistake. If he acted upon probable cause, this would be true; otherwise not. The fact that he acted in his official capacity in making the complaint was, as the jury were instructed, a matter to be considered by them in determining the question of probable cause.

3. It is also claimed by the defendant that, treating the fact of the plaintiff's conviction by the municipal court as only prima facie evidence of probable cause, the verdict is not sustained by the evidence. The conclusion we have reached from a consideration of the evidence is that it is sufficient to sustain the verdict, although the jury might well have found for the defendant.

4. The last alleged error urged is that the trial court erred in receiving evidence as to the defendant's statements and conduct with reference to the plaintiff's fence in the alleged public highway. The evidence was rightly received as tending to show the animus of the defendant. Chapman v. Dodd, 10 Minn. 277 (350); Tykeson v. Bowman, 60 Minn. 108, 61 N. W. 909.

Order affirmed.