(80 South. 809)

### Ex parte KEMP.

### KEMP v. YORK.

### (1 Div. 83.)

(Supreme Court of Alabama. Jan. 23, 1919.)

1. MALICIOUS PROSECUTION ⊜⟾24(5)—PROBABLE CAUSE—REVERSED CONVICTION.

Judgment convicting defendant in criminal proceeding which is vacated or reversed on appeal is not conclusive, but prima facie, evidence of probable cause in his action for malicious prosecution, and may be rebutted by any competent evidence clearly overcoming presumption arising from conviction in first instance.

2. MALICIOUS PROSECUTION ⊜⟾21(2)—PROBABLE CAUSE—ADVICE OF COUNSEL.

Advice of counsel honestly sought and honestly acted upon gives probable cause for a criminal prosecution, exonerating the prosecutor from any liability as for a malicious prosecution.

3. MALICIOUS PROSECUTION ⊜⟾55—PLEA OF CONVICTION IN LOWER COURT.

In action for malicious prosecution, defendant's plea that plaintiff was convicted in inferior criminal court was unnecessary, since evidence to sustain it would have been admissible under general issue, which was pleaded.

4. MALICIOUS PROSECUTION ⊜⟾53—PLEA OF CONVICTION IN LOWER COURT.

In action for malicious prosecution, defendant's plea that plaintiff was convicted in inferior criminal court was bad as showing only a prima facie case for defendant.

Certiorari to Court of Appeals.

Action by Mrs. A. E. York against W. H. Kemp. Judgment for plaintiff was affirmed by the Court of Appeals (16 Ala. App. 675, 81 South. 195), and defendant petitions for certiorari. Certiorari denied.

Harry T. Smith & Caffey, of Mobile, for appellant.

Joseph N. McAleer and J. H. Kirkpatrick, both of Mobile, for appellee.

SAYRE, J. This was an action on the case for malicious prosecution brought to the circuit court of Mobile, the complaint alleging, inter alia, that the charge upon which plaintiff had been prosecuted had been judicially investigated, and said prosecution ended, and plaintiff discharged. Defendant pleaded specially as follows:

"(2) For further plea in this behalf the defendant says that the said cause in which the plaintiff was arrested was tried in the inferior criminal court, from which said warrant issued, and that the plaintiff was convicted of the offense for which she was arrested in the said inferior criminal court."

Demurrer to this plea was sustained in the circuit court, and that ruling is made the main ground of the application to this court.

[1] A reading of the numerous cases on the subject of the question proposed by this application leads to the conclusion, not only that the courts are disagreed as to the probative force of a conviction that has been vacated or annulled on appeal, but there is considerable contrariety of opinion as to the grounds upon which their different holdings should be placed. Free to deal with the question as an original one, though the decision in Sandlin v. Anders, 187 Ala. 473, 65 South. 376, lends support to the view we shall adopt, we prefer the reason of those cases which hold that a judgment convicting the defendant in a criminal proceeding, which is vacated or reversed on appeal, is not conclusive, but prima facie, evidence of probable cause, which may be rebutted by any competent evidence which clearly overcomes the presumption arising from the fact of the defendant's conviction in the first instance. The rule is so stated in Skeffington v. Eylward, 97 Minn. 244, 105 N. W. 638, 114 Am. St. Rep. 711, where a number of authorities are cited. Nor do we think we can do better than to quote from the opinion in the same case as to the reason which should govern the decision:

"The true and logical reason why a conviction reversed on appeal and the defendant discharged is relevant evidence on the issue of probable cause is, not that the judgment imports absolute verity; for after the reversal and discharge there is in fact and law no judgment. The true reason, as stated in the case of Nehr v. Dobbs, 47 Neb. 863, 66 N. W. 864, is the fact that

ordinarily, if a court having jurisdiction has upon a full and fair trial proceeded to conviction, it must have had before it such evidence as would convince a prudent and reasonable man of the guilt of the accused. Therefore, while a subsequent reversal may show that the accused was in fact innocent, yet it does not show that there was no probable cause for believing him guilty."

It follows from these premises that the presumption to be indulged from proof of conviction in such cases is a rebuttable one, and the evidence to rebut cannot be limited to a direct impeachment of the judgment of conviction for fraud or perjury, but that any evidence is admissible which competently tends to show that the prosecution did not in fact have probable cause. Skeffington v. Eylward, supra.

[2] A few of the cases hold that a judgment of conviction, though reversed on appeal, is conclusive evidence of probable cause. Griffis v. Sellars, 20 N. C. 315; Price v. Stanley, 128 N. C. 38, 38 S. E. 33. A very good statement of the rule of the greater number, perhaps, of the courts is found in Saunders v. Baldwin, 112 Va. 431, 71 S. E. 620, 34 L. R. A. (N. S.) 958, Ann. Cas. 1913B, 1049, as follows: A judgment of conviction by a justice of the peace or other trial court is conclusive of probable cause for instituting the prosecution, though the conviction has been reversed on appeal, unless the conviction was procured through fraud, or by means of testimony known to be false. The cases pro and con are cited in the notes to 26 Cyc. 39, 40. The few are planted on the doctrine of estoppel by judgment; but that doctrine cannot be maintained in this jurisdiction. See the cases cited by the Court of Appeals. The true ground of the majority rule is said to be identical with that one on which the courts allow the advice of counsel to establish the existence of probable cause. Saunders v. Baldwin, supra. In this state the rule as to the advice of counsel is thus stated: Where a prosecutor has fully and fairly submitted to learned counsel all the facts which he knows, or by proper diligence could know, to be capable of proof, and is advised that they are sufficient to sustain the prosecution, and, acting in good faith upon such opinion, he does institute a criminal proceeding, he cannot be held liable in an action for malicious prosecution, although the legal opinion given be erroneous. Such advice, honestly sought and honestly acted on, supplies the indispen-

sable element of probable cause. Jordan v. A. G. S. R. R. Co., 81 Ala. 220, 8 South. 191. But it has never been conceded that the ex post facto opinion of counsel may change the legal rights of the parties (Blunt v. Little, 3 Mason, 102, Fed. Cas. No. 1578), and the judgment of plaintiff's conviction is ex post facto the good faith of the prosecutor in setting on foot the original proceeding, so that it must acquire what probative force it has by reason of the fact only that it is pronounced by a judicial tribunal the impartiality and competency of which is presumed by law. Still it is not res judicata, and we see no reason why the grounds of the judgment should not be exposed in every direction. To limit the evidence in rebuttal to such grounds as would be heard to impeach a judgment unreversed would, in practical effect, make the judgment conclusive, for, in this state, at least, a judgment will not be impeached as procured by fraud unless the fraud was practiced in the proceedings by which it was procured, and not merely where the fraud is antecedent to the judgment, as where material testimony upon which it was rendered was false. De Soto Coal Co. v. Hill, 188 Ala. 667, 65 South. 988. We are therefore in agreement with the Court of Appeals, which has held that the judgment in such a case is only prima facie evidence of the existence of probable cause, and that it may be rebutted by any competent evidence tending to show the absence of probable cause.

[3, 4] It may be noted further that in the cases in which we have found this question discussed it was raised as a question of substantive law, a question as to the effect of evidence. In the case before us petitioner sought to make of it a question of pleading. The plea was unnecessary, since the evidence to sustain it would have been admissible under the general issue which was pleaded. 13 Ency. Pl. & Pr. 458. But as pleaded it was bad, because it showed only a prima facie case for the defendant. To sustain the plea would require us to hold with that very small minority of the courts which entertain the view that a conviction in such case is conclusive of probable cause. Neither the reason of the matter nor our own previous adjudications permit us to accept that view.

Certiorari denied.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.