## C. W. OVERTON v. S. M. COMBS.

(Filed 14 September, 1921.)

**1. Malicious Prosecution—Actions—Judgments.**

In order to sustain an action for malicious prosecution it must be shown that an action has been instituted by the defendant without probable cause and from malice, causing wrongful interference with the person or property of the complainant, and that the former action has terminated in complainant's favor, before suit brought.

**2. Same—Malice—Probable Cause—Evidence—Questions of Law—Questions for Jury—Trials.**

While in an action for malicious prosecution the existence or nonexistence of defendant's malice in the former action is a question of fact for the jury upon competent evidence, it is a question of law for the court to determine, on the issue as to probable cause, and on the facts admitted or as found by the jury, whether its existence or nonexistence has been sufficiently established.

**3. Malicious Prosecution—Judgments—Estoppel—Actions.**

Where it appears, in an action for malicious prosecution, that a trial court having jurisdiction has decided the essential features of the former action in favor of the plaintiff therein, on proper proof or admission, that finding is conclusive in his favor on this question of probable cause, and he may not be held liable in a subsequent action for malicious prosecution.

**4. Same—Arrest—Execution Against the Person—Statutes—Judgment—Reversal—Appeal.**

Where a trial court of competent jurisdiction has regularly determined that the plaintiff in the action had the right to arrest the defendant on personal execution, and accordingly the defendant has been taken into custody, C. S., 673, the plaintiff in said action is not liable in damages in defendant's subsequent action for malicious prosecution, though the verdict and finding of the jury or finding for plaintiff in the former suit is thereafter set aside or reversed on appeal or other ruling in the orderly progress of the cause.

**5. Same—Evidence.**

The complaint in an action in a court of competent jurisdiction alleged an indebtedness of defendant to the plaintiff; and that defendant had disposed of an amount of personal property embraced in a mortgage securing the debt, with the purpose of hindering, delaying, and defrauding the plaintiff in the collection of the debt, and the action proceeded to judgment upon competent evidence as to each allegation in the plaintiff's favor, under which the defendant was taken into custody under personal execution after execution against his property had been returned unsatisfied, C. S., 673: *Held*, to establish existence of probable cause and to conclude the defendant's subsequent action to recover damages for malicious prosecution against the plaintiff in the former action.

**6. Judgments—Irregular Judgments—Judgments Set Aside—Malicious Prosecution.**

> Where a court of competent jurisdiction has, upon orderly procedure and sufficient evidence, entered judgment against the defendant in the action and ordered execution against his person, as provided in C. S., 673, and accordingly the defendant has been arrested, the subsequent recalling the execution or setting aside of the judgment in the course and practice of the courts, for irregularity, do not of themselves so disturb the facts established or the judgment rendered thereon as to permit the defendant thereafter to maintain his action for malicious prosecution against the plaintiff in the former one.

CIVIL ACTION, tried before *Calvert, J.,* and a jury, at January Term, 1921, of WASHINGTON.

The action is one for malicious prosecution, involving the arrest of present plaintiff, and was determined for plaintiff on the following issues and verdict:

"1. Did defendant, S. M. Combs, cause the plaintiff, C. W. Overton, to be arrested under process in the nature of an execution against the person in a suit brought by S. M. Combs against C. W. Overton in Tyrrell County, as alleged in the complaint? Answer: 'Yes.'

"2. Was such a process of execution against the person duly vacated and set aside upon motion of the plaintiff, C. W. Overton, as alleged in the complaint? Answer: 'Yes.'

"3. If so, was said action instituted and such process issued wrongfully, maliciously and without probable cause? Answer: 'Yes.'

"4. What damage, if any, is the plaintiff Overton entitled to recover of the defendant Combs? Answer: '$250.'"

Judgment on the verdict for plaintiff, and defendant excepted and appealed, assigning errors, chiefly refusal of defendant's motion for nonsuit.

*W. L. Whitley for plaintiff.*
*Meekins & McMullan for defendant.*

HOKE, J. On the present trial there was evidence tending to show that the present defendant had a note against plaintiff for $250, secured by chattel mortgage on an automobile and other articles of personal property, to wit, a cow and a mare and plaintiff's crops for the then current year, consisting of cotton, corn, potatoes, etc. That defendant instituted said former action and filed his verified complaint alleging indebtedness; that said Overton had disposed of all the personal property included in the mortgage other than the Ford car, with the fraudulent intent to hinder and delay plaintiff in collection of his debt, etc.;

that at, or just before suit entered, Overton had delivered the car to Combs, and same, having been very much damaged in use by said Overton, was sold on due advertisement for $70 and amount credited on the note; that Overton, defendant in the former suit, failed to answer or resist recovery, although he was notified that there were allegations of fraud made against him in the case, and he should appear and defend himself; that on the hearing, the allegations presented by the pleadings were submitted to the jury, who rendered the following verdict:

"1. Is the defendant indebted to the plaintiff? If so, in what amount? Answer: '$250 and interest, subject to credit of $70.'

"2. Did the defendant execute to the plaintiff a chattel mortgage as alleged, conveying the property therein set out? Answer: 'Yes.'

"3. Did the defendant sell and dispose of the chattel property conveyed in the said mortgage without the consent and for the purpose of hindering and delaying the plaintiff in collecting the said mortgage and notes secured thereby? Answer: 'Yes.'"

On which said verdict there was judgment in favor of Combs for the debt, less the $70.

That if execution against property was returned unsatisfied, execution should be issued against the person of the judgment debtor. Execution having issued against property and returned unsatisfied, there was execution against the person as directed, under which process the arrest and detention of plaintiff, complained of in present suit, was had. The return of sheriff on this process, 23 May, 1919, was: "Executed by arresting C. W. Overton, defendant herein named, and he having given a good and sufficient bond was released and not imprisoned as ordered." It further appeared that after this release, on notice and motion the execution against the person was recalled as having been improvidently issued, and later, at August Term, 1919, on notice and motion, the portion of the judgment directing that execution issue against the person was set aside as being irregular. Thereupon the present suit was entered to recover damages for malicious prosecution and for the arrest and detention of plaintiff wrongfully caused therein.

It is the accepted law here and elsewhere that in order to a recovery in an action for malicious prosecution, it must be made to appear that an action has been instituted by the defendant without probable cause and from malice, causing damage by wrongful interference with the person or property of complainant, and that said former action has terminated in complainant's favor before suit brought. *Carpenter v. Hanes,* 167 N. C., 551; *Humphries v. Edwards,* 164 N. C., 154; *Downing v. Stone,* 152 N. C., 525; *Stanford v. Grocery Co.,* 143 N. C., 419; *R. R. v. Hardware Co.,* 143 N. C., 54.

And these, and authority generally is to the effect that while on the issue as to malice, its existence or nonexistence must be determined by the jury, on the issue as to probable cause and on the facts admitted or as they may be accepted by the jury, its existence or nonexistence must be decided as a question of law by the Court. And in this State the cases on the subject hold uniformly, so far as noted, that where, in a former suit, a trial court having jurisdiction has decided the essential issues in favor of the plaintiff on proper proof or admission, that finding is conclusive in plaintiff's favor on this question of probable cause, and he may not be held liable in a subsequent action for malicious prosecution. And the principle holds though the verdict or finding for plaintiff in the former suit is thereafter set aside or reversed on appeal or other ruling in the orderly progress of the cause. Thus, in *Smith v. Thomas,* 149 N. C., 100, action for malicious prosecution against the private prosecutor in a criminal charge before a justice of the peace, defendant plead guilty, and on appeal was acquitted of the offense in the appellate court. Held, action would not lie for that, though the innocence of the appellant had been established by the final judgment, the plea of guilty was conclusive against him on the issue as to probable cause.

A like decision was made in *Price v. Stanley,* 128 N. C., 38, where the defendant having been convicted in the justice's court, on appeal the solicitor of the appellate court finding that there was not sufficient evidence to sustain the prosecution, entered a *nol. pros.* Held, the conviction before the justice conclusively established the existence of probable cause.

And in *Griffis v. Sellars,* 20 N. C., 315, it was determined that "In an action for a malicious prosecution, a verdict and judgment of conviction in a court of competent jurisdiction, although the party convicted was afterwards acquitted upon an appeal to a superior tribunal, is conclusive evidence of probable cause, and precludes the plaintiff in the action for the malicious prosecution from showing the contrary."

Speaking more elaborately to the principle, *Chief Justice Ruffin,* delivering the opinion, said: "This case differs from that which was before the Court a year ago between the plaintiff's brother and the same defendant (*ante* 2, vol. 492), only in showing more explicitly the innocence of the plaintiff, and the malignant motive of the defendant. But the same principle governs both, notwithstanding that difference in the detail of the circumstances. The principle is, that probable cause is judicially ascertained by the verdict of the jury and judgment of the Court thereon, although upon an appeal a contrary verdict and judgment be given in a higher court. Our opinion being that probable cause is judicially established by those means, it follows that no evidence is competent to disprove it."

And further in the same opinion: "So, in the present state of the case, another ingredient of the action, namely, the want of probable cause, which is as essential to the plaintiff's action as is his innocence, is completely negatived, because the proof that satisfied the jury and court then trying the plaintiff that he was guilty, must, upon the ground already adverted to, be deemed by another court to establish that there was then probable cause."

This being the doctrine as it prevails under our decisions, we are all of opinion that it must apply in protection of defendant on the facts of the present record, it appearing that in action in the Superior Court, plaintiff had filed his complaint alleging an indebtedness of $250, and further that defendant had disposed of an amount of personal property embraced in a mortgage held by plaintiff to secure the debt, with the view and purpose of hindering and delaying and defrauding plaintiff in the collection of same.

Under the supervision of a capable and learned judge, issues as to the debt and the fraud are submitted to the jury, verdict rendered on both in plaintiff's favor, and judgment on the verdict for the debt and for execution against the person in case of execution against property is returned unsatisfied. C. S., 673. This was the condition of the record at the time execution was issued against person of defendant after one against his property returned unsatisfied, and the arrest made of which he now complains.

True that later, and before another judge, an order was entered that the execution against the person be recalled, and still later, a year or more, the portion of the judgment directing execution against the person was set aside. This, however, was because of alleged irregularity, and in neither of these subsequent orders, nor in other portions of the record is there an entry or ruling that challenges or purports to challenge the facts established by the verdict or which militates or weakens its force and effect on the question of probable cause. There are courts of the highest respectability and learning which hold that where a verdict and judgment has been set aside for fraud, collateral to the principal cause of action, and more especially where it is of such a nature as to have deprived the original defendant of his opportunity to disclose his case, such action will prevent the operation of the principle to which we have adverted. See a learned discussion of this subject in *Crescent City Livestock v. Butcher's Union,* 120 U. S., 141-149 *et seq.;* 18 R. C. L., title, Malicious Prosecutions, secs. 21 and 27.

Others, going further, have held that the position may be made available on allegations of such fraud with adequate proof to support them.

But neither of these positions are open to plaintiff on the present record where, as stated, the former judgment was disturbed on the ground of irregularity only.

On the record, and for the reasons stated, we are of opinion that defendant's motion for nonsuit should have been sustained, and it is so ordered.

Reversed.