In this malicious prosecution action the jury returned a verdict in the amount of $12,000.00 for plaintiff John B. Johnson (Johnson) against Bobby R. Haynie (Haynie) and the Ampex Corporation (Ampex). The trial court granted defendants' motion for judgment notwithstanding the verdict or in the alternative a new trial. We reverse the trial court's grant of a JNOV, but affirm its grant of a new trial.
In October 1978 a tool box was taken from the office of David Settle (Settle), a laboratory supervisor at the Ampex plant in Opelika, Alabama. Settle notified Haynie, employment supervisor at the plant, who began an investigation. Because tracks made by boots issued only to "mix-prep" employees were found in Settle's office, the investigators questioned all such employees who had access at the time of the theft. Johnson was one of the mix-prep employees interviewed, and he, along with several others, consented to a search of their homes. A tool box of the type missing was found in Johnson's back yard, and Settle positively identified the contents as being those of the box taken from his office.
Johnson stated that he bought the box from a stranger at a pool hall for seven dollars. He said he wanted a tool box and was not interested in the contents; had not, in fact, even looked to see what was in it. He had put it in his back yard and left it there until the investigators found it.
Upon Sheriff James Pearson's request, Haynie signed a warrant for Johnson's arrest. The Russell County district attorney sought and obtained an indictment from a grand jury on charges of buying, receiving, or concealing stolen property, "knowing that it was stolen or having reasonable grounds for believing that it was stolen, and not having the intent to restore it to the owner." Johnson was tried and acquitted of these charges by a Russell County jury on June 14, 1979. He subsequently filed this action against Haynie, individually and as an employment supervisor of Ampex, and against Ampex.
After trial of the cause, the jury returned a verdict for Johnson and fixed damages at $12,000.00. The defendants filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. Among the grounds presented in this motion were the failure of Johnson "to present sufficient, competent evidence to clearly overcome [the] prima facie presumption" raised by the issuance of the indictment that probable cause existed; the giving of certain of Johnson's requested jury instructions; and the refusal of certain of defendants' requested instructions. After a hearing on this motion, the trial court ordered that a JNOV be entered in favor of defendants, and "in the event this order is hereafter vacated or reversed," granted the alternative motion for new trial. The Court said it erred in granting requested jury charge number six of the plaintiff, and in refusing requested charges number five and ten of the defendants. *Page 948 
To recover on a claim for malicious prosecution, a plaintiff must prove a prior judicial proceeding was initiated by the defendant maliciously and without probable cause, that it terminated favorably to plaintiff, and that it caused him damages. Alabama Power Company v. Neighbors, 402 So.2d 958
(Ala. 1981); Birwood Paper Co. v. Damsky, 285 Ala. 127,229 So.2d 514 (1969). The errors complained of by the plaintiff mainly relate to the trial court's treatment of probable cause within the meaning of the above test.
The trial court correctly cited Union Indemnity Co. v.Webster, 218 Ala. 468, 118 So. 794 (1928), for the proposition that "[t]he finding of the indictment constituted prima facie evidence of the existence of probable cause for the issuance of the warrant against the plaintiff. . . ." The court went further, however, and relied on the Union Indemnity case and onBrown v. Parnell, 386 So.2d 1137 (Ala. 1980), to hold that this prima facie case
 [c]ast the burden on the plaintiff to rebut the presumption of the existence of probable cause by clear and convincing evidence. Upon due reflection and consideration of all the evidence, the Court is of the opinion that the plaintiff failed to present sufficient, competent evidence to clearly overcome the presumption of the existence of probable cause, and that defendants' motion for a directed verdict should, therefore, have been granted. [Emphasis by the trial court; citations omitted.]
While it is true that the burden was on Johnson to rebut the presumption created by the indictment, we think the trial court has made that burden too heavy. This court has held on several occasions that a plaintiff in a malicious prosecution case can rebut the presumption of probable cause raised by a conviction which was later vacated or reversed. Brown v. Parnell, supra;Jordan v. Wilson, 263 Ala. 625, 83 So.2d 340 (1955); RepublicSteel Corp. v. Whitfield, 260 Ala. 333, 70 So.2d 424 (1954);Kemp v. York, 202 Ala. 425, 80 So. 809 (1919). In those cases, the standard articulated is that the presumption "may be rebutted by any competent evidence which clearly overcomes the presumption." Kemp v. York, supra, 202 Ala. at 425, 80 So. 809. The rationale adopted in the Kemp case, and followed in the later cases, is that "ordinarily, if a court having jurisdiction has upon a full and fair trial proceeded to conviction, it must have had before it such evidence as would convince a prudent and reasonable man of the guilt of the accused." Id., at 426, 80 So. 809, quoting Skeffington v.Eylward, 97 Minn. 244, 105 N.W. 638 (1906).
In Kemp, this court rejected the position that a conviction which has been reversed raises an irrebutable presumption of probable cause, as well as the position that the presumption can be rebutted only by evidence that the conviction was obtained by fraud or perjury. A third, more lenient, position was adopted: a conviction "vacated or reversed on appeal, is not conclusive, but prima facie, evidence of probable cause, which may be rebutted by any competent evidence which clearlyovercomes the presumption arising from the fact of the defendant's conviction in the first instance," Kemp, supra,202 Ala. at 425, 80 So. 809 (emphasis added).
In Republic Steel Corp. v. Whitfield, supra, it was held that plaintiff had not introduced evidence to "clearly overcome" the presumption, so failure to give defendant's affirmative charge was error. But in Jordan v. Wilson, supra, the giving of the affirmative charge was held to be error because "the evidence made a case for the jury as to whether the evidence was sufficient to overcome clearly a presumption of probable cause." Id., 263 Ala. at 630, 83 So.2d 340. In Brown v.Parnell, supra, summary judgment for defendants was affirmed since "Our review of the deposition testimony which was offered in support of the motion for summary judgment does not reveal to us that Brown presented sufficient competent evidence toclearly overcome the prima facie presumption of probable cause." Id., 386 So.2d at 1140 (emphasis in original). Thus, in these cases where plaintiff's initial conviction had been *Page 949 
vacated or reversed on appeal, the emphasis has shifted from the holding that the presumption is rebuttable by any competent evidence to the holding that the presumption must be rebutted by evidence which clearly overcomes it.
We have not found a case which specifies the burden cast upon a plaintiff to rebut the presumption created by an indictment when the original trial results in acquittal. A conviction indicates that a petit jury or a trial court has at one time found the plaintiff guilty beyond a reasonable doubt; an indictment merely means that, within the limited grand jury procedure, a grand jury has found probable cause to believe the plaintiff guilty. We think the presumption raised by the latter jury decision is not so strong as that raised by the former. Although we have held that the plaintiff must rebut the presumption raised by an initial conviction by clear and convincing evidence, we do not choose to extend that burden to a case of an indictment followed by an acquittal. A plaintiff need only rebut such a presumption to the reasonable satisfaction of the jury.
The trial court orally instructed the jury that the plaintiff must "reasonably satisfy you from the evidence that there was no probable cause for thinking that he was guilty" (the court adopted the Brown v. Parnell test only in its order of JNOV). Under this lighter burden, Johnson convinced the jury to find in his favor. As the incorrect burden is the only basis in the trial court's opinion for granting JNOV, we hold that this order is due to be reversed. Groom v. Reynolds, 396 So.2d 690
(Ala. 1981).
We now turn to the propriety of the court's grant of a new trial because of the granting and refusal of certain charges. Plaintiff's requested instruction number six, as given by the trial court, is as follows:
 I charge you that discharge of an accused in a criminal action by a judge, after a full hearing of the evidence, is prima facie evidence that the charge was filed without probable cause.
This is not an accurate statement of the law, and on this alone, the trial court was justified in granting a new trial.Republic Steel Corp. v. Whitfield, supra; Union Indemnity Co.v. Webster, supra.
At the close of the evidence, the trial court orally instructed the jury that "as to the proof of absence of probable cause, it is not enough that the accused is found innocent and has been proven so," and that acquittal "is some evidence on its face — evidence of a want of probable cause . . . but by itself it does not mean conclusively that there was no probable cause." These are not reversibly erroneous deviations from the rule that "acquittal of accused upon final trial is not even prima facie evidence of the want of probable cause." Republic Steel Corp., supra, 260 Ala. at 336,70 So.2d 424. See Union Indemnity Co., supra, 218 Ala. at 478,118 So. 794. At the conclusion of the oral charge, Johnson's attorney objected to the failure to give some requested instructions, after which the judge read instruction six to the jury. This singling out of an inaccurate instruction compounds the error and increases the likelihood that it caused injury. Defendant's instruction five, not given by the trial court, that the acquittal "is not in and of itself prima facie evidence that defendants brought the charges without probable cause," is a correct statement of law and should have been given.
Finally, we observe that defendants purport to appeal from the trial court's ruling admitting evidence of Johnson's loss of wages. Our review of the record reveals that defendants never perfected an appeal. Therefore, they cannot argue for relief from the adverse ruling of the trial court. In the absence of taking an appeal, an appellee may not cross-assign error. Beaty v. Head Springs Cemetery Association, Inc.,413 So.2d 1126 (Ala. 1982). Mutual Savings Life Ins. Co. v.Montgomery, 347 So.2d 1327 (Ala. 1977); Boswell v. SamsonBanking Company, 368 So.2d 547 (Ala.Civ.App. 1978), cert.denied, 368 So.2d 552 (Ala. 1979). *Page 950 
The trial court, having erred in the above respects in the giving and refusal of charges, was correct in granting a new trial. We reverse the trial court's granting of the motion for JNOV and remand the cause for proceedings not inconsistent with this opinion
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.