SIMPSON v. SEARS, ROEBUCK & CO.

[231 N.C. App. 412 (2013)]

———————————

TARALYN SHALANDRA SIMPSON, Plaintiff
v.
SEARS, ROEBUCK AND CO., and Amy Edwards, Defendants

No. COA13-329

Filed 17 December 2013

**Malicious Prosecution—false imprisonment—district court conviction—larceny—obtained through fraudulent or other unfair means**

The superior court erred in a malicious prosecution and false imprisonment case by granting defendants' motion to dismiss. Plaintiff's complaint alleged malicious prosecution and false imprisonment, and also clearly alleged that the verdict against her in district court for misdemeanor larceny of goods was procured "fraudulently or unfairly." This allegation complied with *Myrick v. Cooley*, 91 N.C. App. 209, and thus, the conviction in district court did not conclusively establish probable cause. Accordingly, plaintiff's complaint stated a claim upon which relief could be granted. Plaintiff's remaining arguments were not addressed.

## SIMPSON v. SEARS, ROEBUCK & CO.

[231 N.C. App. 412 (2013)]

Appeal by plaintiff from judgment entered 5 November 2012 and orders entered 20 December 2012 by Judge Bradley B. Letts in Buncombe County Superior Court. Heard in the Court of Appeals 27 August 2013.

*Law Offices of Thomas F. Loflin, III, by Thomas F. Loflin III for plaintiff-appellant.*

*Henson & Talley, LLP, by Perry C. Henson, Jr. and Heather Nicolini Wade, for defendants-appellees.*

STEELMAN, Judge.

Where plaintiff's complaint alleged that the conviction against her in district court was obtained through fraudulent or other unfair means, this allegation complied with the requirements of *Myrick v. Cooley.* Where plaintiff's complaint stated a claim for which relief could be granted, the trial court erred in granting defendant's motion to dismiss. Because we reverse the ruling of the trial court, we do not reach plaintiff's remaining arguments.

## I. Factual and Procedural History

On 14 May 2008, Amy Edwards was employed by Sears Roebuck and Co., as a loss control manager at its store in Asheville. Edwards detained Taralyn Simpson (plaintiff) on suspicion of larceny. Plaintiff was subsequently arrested and charged with misdemeanor larceny of goods from Sears in the amount of $623.93. On 15 April 2009, plaintiff was found guilty as charged in district court. Plaintiff appealed to superior court for a trial *de novo* before a jury, and was found not guilty on 20 May 2009.

On 31 January 2011, plaintiff filed a complaint against Sears and Edwards (defendants) seeking compensatory and punitive damages for malicious prosecution and false imprisonment. This complaint was subsequently dismissed without prejudice. On 9 May 2012, plaintiff filed the present complaint against defendants, asserting the same claims and seeking the same relief. On 18 July 2012, defendants filed an answer and a motion to dismiss. The trial court heard defendants' motion to dismiss on 6 August 2012. On 8 August 2012, after the hearing on defendants' motion to dismiss, plaintiff filed a motion to amend her complaint. By order filed on 5 November 2012, the trial court granted defendants' motion to dismiss. This order did not address plaintiff's motion to amend her complaint. On 15 November 2012, plaintiff moved to amend the order, requesting that the court either grant or deny plaintiff's motion

to amend her complaint. On 20 December 2012, the trial court filed an order denying plaintiff's motions to amend the order and her complaint.

Plaintiff appeals.

## II.  Granting of Defendants' Motion to Dismiss

[1] In her first argument, plaintiff contends that the trial court erred by granting defendants' motion to dismiss. We agree.

### A.  Standard of Review

> The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.

*Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted).

"This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

### B.  Analysis

Plaintiff's complaint presented two claims for relief. The first claim was for malicious prosecution; the second was for false imprisonment. Defendants do not contend that plaintiff failed to allege all of the elements of her claims. Instead, defendants challenge one element – that of probable cause. Defendants contend that the finding of guilt by the district court conclusively established that probable cause existed for both the prosecution and the detention of plaintiff, and would mandate the dismissal of both of her claims.

Defendants cite to our Supreme Court's decisions in *Griffis v. Sellars*, 20 N.C. 315 (1838), and *Overton v. Combs*, 182 N.C. 4, 108 S.E. 357 (1921). In *Griffis*, plaintiff brought suit against defendant for wrongful prosecution. In the county court, plaintiff had been found guilty, but in the superior court, plaintiff had been found not guilty. Nonetheless, our Supreme Court held that "[t]he judgment in the county court justifies the institution of the prosecution in that court." *Griffis*, 20 N.C. at 317. Similarly, in *Overton*, our Supreme Court held that where in a

former suit the essential issue is decided in favor of the plaintiff on the question of probable cause, that finding is conclusive and plaintiff may not be held liable in a subsequent complaint for malicious prosecution. *Overton*, 182 N.C. at 7, 108 S.E. at 358.

We note, however, that this doctrine has eroded somewhat over time. In *Moore v. Winfield*, 207 N.C. 767, 178 S.E. 605 (1935), our Supreme Court clarified its decision in *Overton*, and held that despite its ruling in that case, "the great weight of authority is to the effect that a conviction and judgment in a lower court is conclusive, but if not sustained on appeal, it can be impeached for fraud or other unfair means in its procurement." *Moore*, 207 N.C. at 770, 178 S.E. at 606.

This Court later held that, where a conviction was procured by "fraud or other unfair means," it did not conclusively establish probable cause. *Myrick v. Cooley*, 91 N.C. App. 209, 213, 371 S.E.2d 492, 495 (1988). In *Myrick*, we noted the following language from the Supreme Court's opinion in *State v. Sparrow*, 276 N.C. 499, 173 S.E.2d 897 (1970), discussing the effect of the appeal of a conviction from the district court to the superior court.

> [W]hen an appeal of right is taken to the Superior Court, in contemplation of law it is as if the case had been brought there originally and there had been no previous trial. The judgment appealed from is completely annulled and *is not thereafter available for any purpose.*

*Myrick*, 91 N.C. App. at 213, 371 S.E.2d at 495 (quoting *Sparrow*, 276 N.C. at 507, 173 S.E.2d at 902). This Court expressed doubt as to "whether a judgment of the District Court which is overturned on the merits should be afforded any more weight in these circumstances than a magistrate's independent determination of probable cause[,]" and noted that "it seems incongruous to infer from a subsequent conviction the existence of probable cause for the initial arrest when it is clear that innocence of the offense charged does not establish an absence of probable cause for the arrest." *Id.* at 213-14, 371 S.E.2d 495. Nonetheless, we held that "in the absence of a showing that the District Court conviction of Myrick was obtained improperly, the conviction establishes, as a matter of law, the existence of probable cause for his arrest and defeats both his federal and state claims for false arrest or imprisonment." *Id.* at 214, 371 S.E.2d at 495. We then held that the plaintiff had failed to produce evidence that his conviction in district court was procured by fraudulent or unfair means, and that the trial court properly granted a directed verdict dismissing plaintiff's claims for false arrest and false imprisonment.

Based upon *Myrick*, we hold that where the plaintiff's complaint affirmatively discloses that a defendant was convicted of criminal charges in district court, before being found not guilty in superior court, the plaintiff must plead that the conviction in district court was procured by fraud or some other unfair means.

In the instant case, defendants contend that plaintiff failed to allege that her conviction in district court was wrongfully procured. The relevant allegations contained in plaintiff's complaint are as follows:

> 14. The Plaintiff was found guilty on the charge in the citation incorporated into this Complaint as Exhibit A in Buncombe County District Court on or about April 15, 2009, as a result of the false, fictitious, fabricated, and fraudulent written "confession" described above and further as a result of the maliciously false and fraudulent testimony willfully, wantonly, recklessly, and intentionally given by the Defendant Edwards at the District Court trial. Because of the foregoing, the conviction of the Plaintiff in District Court was procured by fraud or unfair means.
>
> 15. The Plaintiff [gave] timely notice of appeal of her fraudulently or unfairly procured District Court conviction to the Superior Court of Buncombe County. The Plaintiff received a speedy jury trial, and on or about the 20th day of May, 2009, was found not guilty of the charge in the citation attached to the Complaint as Exhibit A. The jury only deliberated for approximately ten (10) minutes before returning its not guilty verdict. The phony, fake written "confession" was not offered into evidence at the Superior Court trial. A true copy of the jury's not guilty verdict is attached to this Complaint as Exhibit B and is incorporated by reference the same as if fully set forth herein. A true copy of the judgment of the Buncombe County Superior Court entered on the jury's verdict of not guilty is attached to this Complaint as Exhibit C and is incorporated by reference the same as if fully set forth herein.

These allegations are clear on their face. Plaintiff not only alleged malicious prosecution and false imprisonment, but also clearly alleged that the verdict against her in district court was procured "fraudulently or unfairly." We hold that this allegation complied with *Myrick*. Based upon this allegation, the conviction in district court does not conclusively establish probable cause. We further hold that these

allegations, which we are required to treat as true, are sufficient to withstand a motion to dismiss. We therefore vacate the order dismissing plaintiff's complaint, and remand this matter to the trial court for further proceedings consistent with this opinion.

### III. Plaintiff's Remaining Arguments

Since we have vacated the trial court's dismissal of plaintiff's complaint, it is not necessary that we reach plaintiff's remaining arguments.

VACATED AND REMANDED.

Judges McGEE and ERVIN concur.