179 So. 367

**McCRARY et al. v. MATTHEWS.**

**8 Div. 850.**

Supreme Court of Alabama.

Feb. 24, 1938.

Milo Moody, of Scottsboro, for appellant.

H. T. Foster, of Scottsboro, and Scott & Dawson, of Fort Payne, for appellee.

THOMAS, Justice.

The bill was to contest a will in equity and to establish that complainant was the next of kin of decedent.

The decree confirmed the probate of the will and established that complainant was "the son and only surviving heir of W. J. Matthews entitled to share in said estate, except as provided for in said will." The decree of the court further declared "that said will executed by W. J. Matthews, be and the same is hereby declared to be the last Will and Testament of said W. J. Matthews, and that the property specifically disposed of therein shall pass to those designated therein as beneficiaries named therein, and that all the rest and residue of the property belonging to W. J. Matthews, deceased, shall pass to the Respondent, J. L. Matthews, under the laws of descent and distribution."

It has long been established that the presumption of legitimacy from marriage may be rebutted. Bullock v. Knox, 96 Ala. 195, 11 So. 339. It is further declared by this court that general reputation and common report in the immediate neighborhood, as well as in the families of the parties, is admissible to show affiliation or legitimacy. Martin et al. v. Martin, 233 Ala. 310, 171 So. 734.

As declared in the recent case of Williams et al. v. Dent, 233 Ala. 109, 170 So. 202, since the passage of the Act of 1915, p. 594 (Michie's Code, § 10336), it has not been the policy of this court to enter into a detailed discussion of the evidence, Caples et al. v. Young et al., 206 Ala. 282, 283, 89 So. 460, nor would it serve any useful purpose here. This course will be pursued in the instant case as to a discussion of the respective phases of evidence. It is sufficient to say that the record has been carefully examined, and that the finding and decree of the trial court are supported thereby. However, the decree of the circuit court is corrected in that the word "respondent" is used therein instead of the word "complainant." In this respect the decree is corrected, but in all other respects the decree of the circuit court is affirmed.

Corrected and affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.