188 So. 272

## FREDERICK v. STATE.

### 2 Div. 665.

Court of Appeals of Alabama.

April 18, 1939.

L. S. Moore, of Centerville, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

RICE, Judge.

Well known, but hidden and concealed under the catch line "Justices fix specifica-

tions of reports," at the beginning of Section 10336 of the Code of 1923—one of the Sections of the Article (7) of Chapter 347 of the Code which deals with "The Reporter and Reports"—is the provision in said Section 10336 (but nowhere indicated, that we can find, in any available index to the said Code of 1923), hitherto respected by our Supreme Court, McCrary et al. v. Matthews, 235 Ala. 409, 179 So. 367, that "the justices of the supreme court and the judges of the court of appeals shall not be required to write opinions in cases where the decisions merely reaffirm previous decisions, or relate to questions of fact only, or when the cases decided would, in their opinion, serve no useful purpose as precedents."

If we are to follow the policy of our Supreme Court (Williams et al. v. Dent, 233 Ala. 109, 170 So. 202) with reference to the above quoted provision of Code 1923, § 10336—and of course we must (Code 1923, § 7318)—we have a case, here, for its application.

Appellant was charged with, tried for, and convicted of, the offense of violating our "prohibition laws" (Code 1923, § 4615 et seq.)—yet in full force and effect in Bibb County (see our case of Welder Williams v. State, 179 So. 915,[1] certiorari denied Id., 235 Ala. 520, 179 So. 920)—by having in possession, illegally, whiskey and beer.

The record appears regular in all respects. A decision of the questions apparent merely "reaffirm[s] previous decisions," or "relate[s] to questions of fact only." Nothing further will be written. Code, § 10336, supra.

The judgment is affirmed.

Affirmed.

