152 So.2d 158

Elijah FRANKLIN

v.

STATE of Alabama ex rel. Seymore TRAMMELL, Solicitor.

4 Div. 109.

Supreme Court of Alabama.

April 11, 1963.

Fred D. Gray, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Winston Huddleston, Sp. Asst. Atty. Gen., for appellee.

MERRILL, Justice.

This is an appeal from a decree in equity condemning and ordering sold an automobile because it was used for the hauling of prohibited liquors and beverages in violation of Tit. 29, § 247, Code 1940.

The State contends that we should apply the principle that where the evidence was ore tenus, the conclusion of the trial court is given the same weight as a verdict of a jury and will not be disturbed on appeal, unless it is contrary to the great weight of the evidence.

■ This principle is not applicable here because the evidence is uncontroverted. Where the evidence is undisputed, or where the material and controlling facts are established by the undisputed evidence, though in minor details the evidence is conflicting, the rule invoked by the State is not applicable. Duggan v. Duggan, 227 Ala. 92, 148 So. 844; Henderson v. Henderson, 228 Ala. 438, 153 So. 646; Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 So. 423; Bowling v. State, 204 Ala. 405, 85 So. 500.

■ Assignments of error 1, 2 and 5 present nothing for review because they charge that the judgment and decree (1) is contrary to the law of the case, (2) is contrary to the evidence, and (5) is contrary to the weight of the evidence. National Ass'n for Advancement of Colored People v. State, Ala., 150 So.2d 677; Vickers v. Vickers, 273 Ala. 645, 144 So.2d 8; Thompson v. State, 267 Ala. 22, 99 So.2d 198; King v. Jackson, 264 Ala. 339, 87 So.2d 623.

However, other argued assignments of error properly raise the insufficiency of the evidence to support the decree.

The following substantially covers the statement of the undisputed facts from the Attorney General's brief:

Edward Ezell, a witness for the State, testified that he had been an officer in the State Conservation Department for ten years; that on the morning of March 18, he was patrolling in the vicinity of Batesville, Barbour County; that the road was a dirt road and muddy and slick due to rains; that as he was rounding a curve he noticed the car of appellant, Elijah Franklin, had slid off in a ditch; that there were only two sets of tracks on the unpaved road, one set of tracks belonging to the witness and the other set belonging to the appellant; that when the witness came along, the appellant was coming over a barbed-wire fence. The witness further testified that he asked the appellant if he could assist him in getting his car out of the ditch; that the witness helped appellant get his automobile out of the ditch; that he was getting in his truck when he saw an object lying a few feet beyond the fence; that he crossed over the fence and found a sack with a jug in it; that the jug contained moonshine whiskey or white moonshine whiskey; that he saw a set of tracks leading from the ditch where the car was to the wire fence and the tracks back to the car; that the only person he saw making the tracks was the appellant; and that the automobile was a 1952 Chevrolet sedan. The witness also testified that he later saw Dr. Shoffeitt getting specimens from the automobile in question; that the sack and its contents were turned over to Dr. Shoffeitt; that on the morning in question it was raining.

E. D. Robertson, a witness for the State, testified that the former witness, Ezell, had turned over to him one five gallon demijohn of whiskey in a sugar sack; that the contents of the jug contained moonshine whiskey; that the next morning the witness brought the jug and its contents to Eufaula and turned it over to Dr. Shoffeitt; and that the witness was an A. B. C. Agent of the State of Alabama, and was stationed in Barbour County.

Paul E. Shoffeitt, a witness for the State, testified that he was Assistant Director of the Alabama State Department of Toxicology; that he was requested to come to Eufaula to take certain samples of evidence from an automobile; that the evidence turned over to him was a five gallon glass bottle, one sixty pound sugar sack, sweepings from the front and rear floor of a 1952 Chevrolet automobile, the residue from the trunk floor mat, tools and other things that he did not take; that Mr. Robertson turned the bottle and the sack over to the witness; that moonshine whiskey was in the five gallon bottle; that there was soil on the side and some on the bottom of the sack; that the soil was a red sandy top soil; that the dark substance on the bottom of the sack was a carbonation residue essentially carbon; that when he examined the floor mat belonging to the trunk of the car, it consisted of the general residue of soil, etc; that there was a similar type dark residue, particularly on the mat next to the spare tire in the trunk; that the carbonaceous residue was similar to that found on the sack; that the pieces of paper obtained from the trunk were the same type as similar papers found on the sugar sack; that the specimens found in the car and those on the sack were examined microscopically and were similar.

The condemnation statute, Tit. 29, § 247, Code 1940, is highly penal and is strictly construed; that is, that its enforcement is not to be extended beyond the letter of the law. Armstrong v. State, 248 Ala. 124, 26 So.2d 874. And the State has the burden of proving that the prohibited liquor or beverage has been loaded for transportation. Gibbs v. State, 259 Ala. 561, 67 So.2d 836.

While the evidence in the instant case generates a suspicion that appellant may have transported the whiskey found beyond the fence in the automobile, the evidence is not sufficient to reasonably satisfy us that such was the case. The decree is, therefore, reversed and the cause re-

manded. Gibbs v. State, supra; Kelley v. State, 219 Ala. 415, 122 So. 638.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.