171 So.2d 110

**J. C. VERNON**

v.

**Julian C. PRINE.**

**I Div. 246.**

Supreme Court of Alabama.

Jan. 21, 1965.

Kenneth Cooper, Bay Minette, for appellant.

Jas. R. Owen, Bay Minette, for appellee.

MERRILL, Justice.

Appeal from a judgment for plaintiff on a note and from a judgment denying a motion for a new trial. The case was tried by the court without a jury.

Appellant's first assignment of error is that the court erred in overruling his demurrer to the complaint. Assuming, without deciding, that the court erred, the trial was had on an amended complaint. Any ruling adverse to the defendant on the original count is immaterial. Drummond v. Drummond, 212 Ala. 242, 102 So. 112. No ruling on the demurrer to the amended count is assigned as error, and therefore, the sufficiency of the count cannot be considered on appeal. McAnelly Hardware Co. v. Bemis Bros. Bag Co., 208 Ala. 394, 94 So. 567.

Assignments of error 2, 3, 4 and 5 complain of the sustaining of objections to questions asked by appellant. In each instance the questions called for information irrelevant and immaterial to the issue and the objections were properly sustained in each instance.

Assignments 6, 7, 8 and 9 charge that the judgment is contrary to the evidence, the law, the law and the evidence, and the facts in the case. These are not proper assignments of error and present nothing for review. Lyle v. Winston County, 274 Ala. 581, 150 So.2d 706; Roan v. Smith, 272 Ala. 538, 133 So.2d 224; Morris v. Yancey, 272 Ala. 549, 132 So.2d 754; Ex parte Noble, 267 Ala. 488, 102 So.2d 902; King v. Jackson, 264 Ala. 339, 87 So.2d 623.

Assignment of error 10 reads:

"The Court erred in finding that the defendant owed any amount of money to the plaintiff."

The evidence was in conflict, but plaintiff's evidence, if believed by the court, was sufficient to support a judgment in his favor.

The final assignment charges error in the refusal of the trial court to grant the motion for a new trial. The only argument in brief on this point relates to the weight of the evidence.

Where there is evidence which, if believed, supports the verdict, or, as here, the judgment of the court, it should not be set aside because it is against the mere preponderance of the evidence. Dean v. Mayes, 274 Ala. 88, 145 So.2d 439; Mulkin v. McDonough Construction Co. of Ga., 266 Ala. 281, 95 So.2d 921, and cases there cited. And where there is evidence which, if believed, justified the verdict, the motion for a new trial is properly overruled. Authorities supra.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.