180 So.2d 264

**STATE of Alabama**

v.

**Silas C. SHARP, Jr., et al.**

**6 Div. 216.**

Supreme Court of Alabama.

Nov. 18, 1965.

A. L. McDuff, Special Asst. Atty. Gen., for appellant.

Zeanah & Donald, Tuscaloosa, for appellees.

SIMPSON, Justice.

This is a condemnation proceeding instituted by the State (appellant) to condemn a portion of the land belonging to the appellees for the purpose of constructing a highway. The matter was appealed from the Probate Court of Tuscaloosa County to the Circuit Court where the case was tried de novo before a jury. The jury returned a verdict in favor of the landowners of $4,000. From the judgment entered on this verdict the State appealed to this Court.

The appellee has filed a motion to dismiss the appeal assigning as grounds the failure of the appellant to post bond or

security for costs in accordance with Title 19, § 23, Code of 1940, Recompiled 1958, which is as follows:

"After final judgment in the circuit court or court of like jurisdiction, any party may, within thirty days thereafter, upon giving bond or security for costs, as in other cases, appeal to the supreme court."

The State answers appellees' motion to dismiss by asserting that Title 7, § 72 is the controlling statute in these cases. That statute is as follows:

"The state may sue in its own name, and is entitled to all remedies provided for the enforcement of rights between individuals, without giving bond or security or causing affidavit to be made, though the same may be required as if the action were between private citizens; * * *."

Neither party has cited any decision of this Court passing directly upon the issue. Our search has discovered only the case of State v. Moore, 269 Ala. 20, 110 So.2d 635. There appellee argued that the giving of bond or security as required by § 23, Title 19 is jurisdictional and applicable to the State, and that § 72, Title 7, Code, is not applicable. We there held that:

"Conceding *without deciding* that the aforesaid statute, § 23, Title 19, Code of 1940, is the applicable statute and that § 72, Title 7, Code of 1940, is not here applicable, we still do not argee that the appeal must be dismissed." (Emphasis added.)

It was pointed out that on submission in this Court no motion to dismiss was made and upon this premise we held:

"The appeal, however, was taken within the time allowed by law and conceding that a bond or security for costs should have been given, this was nothing more than a defect in the manner of taking the appeal. We consider that the appellee could and did waive the failure to give bond or security for costs by not interposing a motion or other objection upon submission."

While, as we have said, the Moore case was not cited by either side, out of precaution, lest the holding there might in future litigation be relied upon as an implied holding that § 23, Title 19, supra, is applicable to the State, we here declare that the statement in the Moore case is not susceptible to such an interpretation. Rather than being a flat concession of applicability, there was nothing more than a hypothetical or "even if" emphasis of the waiver consequent upon failure of motion or objection made upon submission. Section 72, Title 7, Code, as amended, exempts the State from the giving of bond or security for costs in any suit brought in its own name. In Cartee v. Hubbard, 275 Ala. 356, 155 So.2d 309, we held § 72, supra, applicable to the State and to a municipality as an arm of the State, in the exercise of public function. This conclusion is fortified by § 1, Title 19, Code, as amended, likewise exempting the State, as well as counties and municipalities, from the requirement of § 23, supra. We have held that said § 1 provides for a complete proceeding for condemnation of land for public use, from institution to final disposition on appeal. Postal Telegraph Cable Co. v. Ala. G. S. R. Co., 92 Ala. 331, 9 So. 555.

On the merits only one assignment of error is argued. It is that the trial court erred in sustaining objection to appellant's offer to introduce in evidence a chart made by its expert witness. The chart purported to list lots on the street involved and adjacent city block and lots showing lots that were sold, prior and subsequent to the condemnation proceeding, for the purpose of showing reasonable market value of the property in question. The appellees' objection was on general grounds and the ground of hearsay. The witness' preliminary testimony was in effect that he had prepared the chart "with some help", meaning as the court below interpreted—and as we understand—that the witness had gotten the information as to the sales sought to be listed

**670**

on the chart from records in the probate office. The court thereupon announced that opinion of the witness as to values before and after, or his own knowledge of sales, would be received but not testimony of what the records showed without bringing in the records. We cannot declare error in the ruling complained of. Moreover, we have held that on the question of admissibility of evidence of the sales prices of other lands voluntarily sold and the question of similarity, much must be left to the discretion of the trial court. Popwell v. Shelby County, 272 Ala. 287, 130 So.2d 170, 87 A.L.R.2d 1148.

Finding no error in the record, the judgment appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.