183 So.2d 796

**Lela Echols PIERSON**

v.

**Billie Gail Negron BUSBY.**

**6 Div. 832.**

Supreme Court of Alabama.

March 3, 1966.

J. Earl Langner and John D. Prince, Jr., Birmingham, for appellant.

Corretti & Newsom, Birmingham, for appellee.

GOODWYN, Justice.

Proceeding in rem brought by appellee, Busby, to quiet title to real estate in Jefferson County.

This is the second appeal in the case. The first is reported as Busby v. Pierson, 272 Ala. 59, 128 So.2d 516.

On the first appeal, taken by Busby, the decree appealed from was affirmed in part, reversed in part, and remanded. On remandment, a hearing was had on the issues presented by the reversal of the original decree. There was a decree in favor of Busby. It is from this decree that Pierson, the respondent in the trial court, brings this appeal.

There are 31 assignments of error. The only reference in appellant's brief to these assignments is the listing of some of them by numbers with each of the nine propositions of law. For instance, 19 of the assignments are listed with Proposition No. I; the same 19 with Proposition No. II; 5 with Proposition No. III, 2 of which are also listed with Propositions Nos. I and II; the same 4 with Propositions Nos. IV and V; 2 with Proposition No. VI; 2 with Proposition No. VII, both of which are listed also with Propositions Nos. III and VIII; 3 with Proposition No. VIII, including the 2 listed with Proposition No. VII; and 19 with Proposition No. IX, which are the same as those listed with Propositions Nos. I and II.

No attempt has been made in appellant's brief to relate any part of the argument to any of the assignments of error. In fact, none of the assignments is even remotely referred to or mentioned in the argument. The argument purports to deal with all the assignments of error together, that is, in bulk, without any attempt to relate any part of the argument to any particular assignment or assignments of error.

It has been held consistently that where unrelated assignments of error are argued in bulk, that is, are grouped and argued together, and one is found to be without merit, the others will not be considered. See: Raphael Per L'Arte, Inc. v. Lee, 275 Ala. 307, 308–309, 154 So.2d 663; Boles v. Bonner, 267 Ala. 342, 343, 101 So.2d 544; Bolton v. Barnett Lumber & Supply Company, 267 Ala. 74, 75, 100 So. 2d 9, and cases there cited. This principle has application here.

Assignment of error No. 2 is as follows:

"2. The Circuit Court erred in over-ruling appellant's objection to the admission of Complainant's Exhibit 3. R. 270 and 271."

Aside from any other reason, this assignment is without merit because the record does not show any such objection made by appellant.

We observe that other assignments are without merit, but there is no need to discuss them.

The decree is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.