187 So.2d 246

**J. B. JOHNSTON**

v.

**Calvin S. BYRD.**

I Div. 225.

Supreme Court of Alabama.

April 28, 1966.

Rehearing Denied June 16, 1966.

D. R. Colcy, Jr., Mobile, for appellant.

Leon Duke, Mobile, for appellee.

PER CURIAM.

This suit for malicious prosecution was filed in the Circuit Court of Mobile County by Calvin S. Byrd against J. B. Johnston and Citronelle Timber and Auto Center.

The jury returned a verdict in favor of the plaintiff against the defendants in the sum of $31,630. Judgment followed the verdict. The defendants filed a motion for new trial, which was denied. Thereafter the defendant J. B. Johnston appealed to this court.

Defendant Johnston, at the time of the alleged malicious prosecution, was engaged in the timber and pulpwood business. He made contracts with others, including plaintiff, to cut and haul pulpwood to the pulpwood mills, for which they were paid so much per cord. Johnston also operated a small store and a garage or repair shop. This operation was under the name of Citronelle Timber and Auto Center.

Plaintiff, Byrd, in January, 1961, began to operate under a contract with Johnston whereby he furnished his own truck and driver to haul pulpwood to the mill. During the course of this operation, between January and August, 1961, plaintiff became indebted to Johnston in a disputed sum. On July 22, 1961, plaintiff admittedly signed a check in the sum of $917.69, payable to Citronelle Timber and Auto Center. The check was drawn on Citronelle State Bank. When it was presented for payment, the bank refused to pay on account of insufficient funds.

After Johnston gave notice to Byrd by mail that the bank had refused payment of the check, Johnston went to the Court of General Sessions of Mobile County on, to wit, August 21, 1961, and there signed a verified complaint against Byrd, charging him with issuing a worthless check in the sum of $917.69. Byrd, a school teacher, was arrested under a warrant issued by the clerk of said court. He appeared in person before the court (apparently without the service of a lawyer) on, to wit, September 6, 1961, and then and there, according to the judgment of the court, entered a plea of guilty. Byrd in the trial of the instant case disclaimed knowledge that he was pleading guilty to a criminal offense or pleading guilty at all. Sentence was imposed and Byrd was imprisoned in the county jail for thirty minutes to an hour before he took an appeal to the Circuit Court of Mobile County and was released on bail.

When the criminal suit instituted by Johnston against Byrd was tried de novo in the circuit court, Byrd was acquitted by verdict of a jury. The State was represented by a lawyer hired by Johnston to prosecute Byrd. It seems that the circuit solicitor turned the prosecution over to the special prosecutor.

In the trial of the instant case, the plaintiff, Byrd, contended that the trial in the Court of General Sessions (an inferior court with limited jurisdiction) was so fast that he never understood that he was entering a plea of guilty, and that he was catapulted into trial without understanding the nature of the charge. The judge of the Court of General Sessions testified in this case that he had no independent recollection of the trial before him, but that it was his custom to explain the charge to a defendant and to enter such plea as the defendant desired.

Johnston contended at the trial of the instant case that the check embraced an account and also $375 in cash which he let Byrd have when he took the check, and that he was without knowledge that Byrd did not have sufficient funds in the bank at the time to pay the check. Byrd testified that he received no cash or anything else of value for the check.

There was much evidence in dispute between the parties as to the elements and details of the business transaction which finally culminated in, the issuance of the check. We would unduly prolong this opinion should we undertake to delineate the disputed evidence. The jury resolved the conflicts and rendered a verdict for plaintiff, Byrd.

We come to a consideration of the argued assignments of error. Assignment of Error No. 1 is to the effect that the trial court erred in denying defendant's motion to dismiss the cause.

Contention is here made by appellant's counsel (who did not represent him in the trial below) that a plea of guilty to the offense charged in the Court of General Sessions precluded defendant from thereafter contending he was arrested, charged and imprisoned without probable cause, namely, maintaining this suit for malicious prosecution, and that defendant's motion to dismiss the complaint should have been granted.

■ While § 266, Title 15, Code 1940, provides that "after the court has heard and considered the plea of guilty of the defendant, and has permitted the filing of such plea and sentenced the defendant, such defendant shall not have the right of appeal from the action of the court," we think that this section had no application to Byrd's alleged plea of guilty in the inferior court. This section obtains where defendant applies to plead guilty without an indictment, and not otherwise.—§ 260, Title 15, Code 1940.

■ We hold that under the circumstances of this case Byrd on appeal from the Court of General Sessions to the Circuit Court was entitled to a trial de novo. No objection was made in that court to such a trial and the acquittal of defendant was binding and a judgment to that end had full force and effect.

Assignments of Error 3 and 4 assert error in the refusal by the trial court to give affirmative instructions requested by the defendant.

Contention is again made that the conviction of plaintiff on his plea of guilty in the Court of General Sessions on the charge of giving a worthless check was a complete defense to the complaint filed in the instant cause, thus entitling defendant to the general charge.

■ The rule requiring the plaintiff to show that the suit was finally decided in his favor is complied with by showing a judgment in his favor on appeal from a judgment against him in the lower court. —34 Am.Jur., Malicious Prosecution, § 43, at p. 726.

On appeal in the instant case from the Court of General Sessions, an inferior court, to the Circuit Court, the trial was properly de novo on the merits without regard to the judgment of the General Sessions Court on the alleged plea of guilt. —Title 13, § 349, Code 1940. Such an appeal vacates the judgment of the inferior court and destroys its effect as an estoppel. —Kemp v. York, 16 Ala.App. 675, 81 So. 195, cert. denied, 202 Ala. 425, 80 So. 809. The judgment convicting the defendant in the General Sessions Court, which was vacated on appeal to the Circuit Court, is not conclusive, but prima facie evidence of probable cause, which was rebuttable by competent evidence which clearly overcomes the presumption arising from the fact of defendant's conviction in the first instance. —Kemp v. York, 202 Ala. 425, 80 So. 809. The affirmative instructions requested by defendant were refused without error.

Assignment of Error No. 5 complains that the trial court erred in refusing to give at the request of the defendant the following written charge:

"Gentlemen of the Jury, the burden of proving the lack of probable cause for prosecution of the Plaintiff is on the Plaintiff. If you are reasonably satisfied that the Plaintiff has not fulfilled the

burden then you must return a verdict for Defendant."

■■ A court cannot be reversed for its refusal to give a charge that is not expressed in the exact and appropriate terms of the law.—Ex parte State ex rel. Attorney General, 211 Ala. 1, 100 So. 312. The charge just quoted was bad in that it was not predicated upon the hypothesis that the jury is reasonably satisfied from the evidence.— W. P. Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851, 129 A.L.R. 526. However, it is not reversible error to give such charge simply because it fails to hypothesize the evidence.—Bahakel v. Great Southern Trucking Co., 249 Ala. 363, 31 So.2d 75.

Assignments of Error 9 and 10 are argued together. Assignment 9 charges that the trial court erred in denying defendant's motion for a mistrial because of the repeated efforts of counsel for plaintiff to interrogate John Mandeville, Clerk of the Circuit Court, as to the number of cases instituted by Johnston in the circuit court, and asked, after objection had been made and sustained, the following question: "I'll ask you this question, Mr. Mandeville. Isn't it true that he has over eight cases pending in your Court?"

Assignment No. 10 reads: "The Court erred in denying Defendant's motion for a mistrial because of derogatory statements made by Plaintiff's attorney concerning Defendant during cross-examination."

■ The last assignment is general and fails to point out with proper specificity and precision the derogatory statements complained about.—Howell v. Smith, 206 Ala. 646, 91 So. 496; Ala.Dig., Vol. 2A, Appeal & Error, § 724(2).

■ Assignment No. 10 being without merit, we will not consider Assignment 9, which is jointly argued with 10. An assignment argued jointly with an unrelated assignment which has no merit will not be considered.—Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362.

Assignment of Error No. 11 charges:

"The Court erred in admitting in evidence, over objection of Defendant, complaint and amended complaint in the case of J. B. Johnston, d/b/a Citronelle Timber & Auto Center, Plaintiff, vs. Calvin Byrd, Defendant, Law No. 9326, in the Circuit Court, Mobile County, Alabama, as Plaintiff's Exhibit No. Three."

The original complaint, admitted in evidence, was in a suit allegedly filed by Johnston against Byrd to recover $917.69 due by a check, for nonpayment of which appellant instituted prosecution in the Court of General Sessions. The amended complaint has three counts. Count 2 claims $422.60 due by account; Count 3 claims $542.69 due by account stated; Count 4 claims $375 for money had and received by defendant from plaintiff.

■ We fail to see that the admission of these complaints was prejudicial to Johnston. This evidence seems to corroborate Johnston's contention that the alleged bad check was given on account and for cash. The admission of these exhibits was in our opinion error without injury.—Supreme Court Rule 45.

■ Assignment of Error No. 2 presents for consideration the order of the trial court in overruling the motion for a new trial. It brings up for consideration only those questions of law and fact sufficiently set forth in the motion and argued on this appeal.—Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358.

Ground 1 of the motion is based upon the contention that the verdict of the jury was contrary to the facts in the case.

■ Treating Ground 1 of the motion for new trial as being in acceptable form, we cannot say that the decision of the trial court refusing to grant a new trial on the

ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, is wrong and injust.—Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The second ground of the motion for new trial is that the verdict of the jury was excessive, and the third ground of that motion is to the effect that the verdict was so excessive as to shock the conscience of the court and was a result of bias, passion and prejudice against the defendant.

■■■■ The damages which the law allows in a case of this kind are both compensatory and punitive and we have said that the imposition of the punitive damages must be left to the discretion of the jury, whose judgment will not be interfered with, unless the amount is so excessive as to show passion or prejudice or some other improper sentiment.—Key v. Dozier, 252 Ala. 631, 42 So.2d 254, and cases cited.

■■■■ We will not attempt to set out the evidence as it relates to damages. However, we are convinced that the size of the verdict in this case, when considered in the light of the conduct of Johnston, indicates passion or prejudice or some other improper feeling towards Johnston. We hold, therefore, that the judgment rendered was excessive to the extent of $16,630.

A judgment will accordingly be here entered that unless appellee Byrd files a remittitur, as provided by law, with the clerk of this court within thirty days, reducing the judgment to $15,000, the judgment of the trial court will stand reversed. If such remittitur is duly filed, the judgment will stand affirmed. The ten per cent penalty is not to be assessed and the costs of this appeal will be taxed equally between the appellant and the appellee. The costs as taxed in the trial court will stand.

Affirmed conditionally.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.