188 So.2d 530

**Percy C. SMITH, Jr.**

v.

**Betty Sue SMITH.**

**7 Div. 725.**

Supreme Court of Alabama.

June 16, 1966.

Martin & Floyd, Gadsden, for appellant.

Hugh Ballard and J. A. Hornsby, Gadsden, for appellee.

GOODWYN, Justice.

This is a divorce case. The husband brings the appeal from the decree granting the wife an absolute divorce.

There are six assignments of error. None of them is mentioned or referred to in appellant's brief. Accordingly, they must be deemed waived. See: Anderson v. Smith, 274 Ala. 302, 303, 148 So.2d 243; Board of Registrars of Russell County v. Mathews, 274 Ala. 73, 76, 145 So.2d 799; Shelby County v. Hatfield, 264 Ala. 488, 489, 88 So.2d 842.

Aside from the foregoing, the argument purports to deal with all of the assignments of error together, that is, in bulk, without any attempt to relate any part of the argument to any particular assignment. It has been held consistently that where unrelated assignments of error are argued in bulk, and one is found to be without merit, the others will not be considered. See: Pierson v. Busby, Ala., 183 So.2d 796[1]; Raphael Per L'Arte, Inc. v. Lee, 275 Ala. 307, 308–309, 154 So.2d 663; Boles v. Bonner, 267 Ala. 342, 343, 101 So.2d 544; Bolton v. Barnett Lumber & Supply Company, 267 Ala. 74, 75, 100 So.2d 9, and cases there cited. The stated principle has application here, if the assignments should be considered as being argued in bulk.

Assignment of error No. 2 is as follows:

"2. For that the Decree rendered in this cause is contrary to the law."

It has been held that this type of assignment of error presents nothing for review and is without merit. See: Vernon v. Prine, 277 Ala. 402, 403, 171 So.2d 110; Franklin v. State, ex rel. Trammell, 275 Ala. 92, 93, 152 So.2d 158.

Although other assignments might be without merit, there is no need to discuss them.

Appellee's application for an allowance for solicitors' fees for representing her in this court is granted. The sum of $100 seems reasonable. See: Frazier v. Frazier, 273 Ala. 53, 58, 134 So.2d 205.

[1]. Ante p. 201.

The decree is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.