196 So.2d 691

STATE of Alabama

v.

Exa Lou BARNHILL et al.

I Div. 276.

Supreme Court of Alabama.

Feb. 23, 1967.

Richmond M. Flowers, Atty. Gen.,
Kenneth Cooper and Bert S. Nettles, Sp.
Asst. Attys. Gen., and Johnston, Johnston
& Nettles, Mobile, for appellant.

576

J. B. Blackburn, Bay Minette, for appellees.

LAWSON, Justice.

The State of Alabama filed a petition in the Probate Court of Baldwin County to condemn lands belonging to Exa Lou Barnhill and others for highway purposes.

The award of the Commissioners in the Probate Court was $102,000 and a judgment of condemnation was entered accordingly.

The State took an appeal to the Circuit Court of Baldwin County, where no issue was made as to the right of the State to condemn the property in question. The sole question was the amount of damages to be awarded the property owners.

In the Circuit Court the trial was before the court and a jury. The jury returned a verdict in favor of the landowners in the sum of $122,800. Judgment was entered accordingly and the State's motion for a new trial was overruled. The State has appealed to this court.

The cause was submitted here on motions and merits.

## Motion to Affirm

The appellees have filed a motion to affirm the judgment below on the ground that appellant has made no legal, meritorious or valid assignments of error and because " * * * in each and all of said assignments it [appellant] has failed to point out and show the page or place in the transcript where the alleged error appears."

█ Appellant has made twenty-five assignments of error. Assignments of Error 1 through 9 are not sufficient, since they do not allege error on the part of the trial court for failure to grant the motion for new trial, nor do they allege error by the trial court in any respect. King v. Jackson, 264 Ala. 339, 87 So.2d 623, and cases cited; Randolph v. Kessler, 275 Ala. 73, 152 So.2d 138; Doughty v. City of Fayette, 278 Ala. 121, 176 So.2d 481; Accident Indemnity Ins. Co. v. Feely, 279 Ala. 74, 181 So.2d 889; Thompson v. State, 267 Ala. 22, 99 So.2d 198.

█ The criticism made by appellees of the remaining assignments of error is that none of them disclose or show the page or pages of the transcript of the record where the asserted error can be found.

The criticism is without merit in view of our recent holding in Henry v. Jackson, 279 Ala. 225, 228, 184 So.2d 133, wherein we said in part as follows:

"Revised Supreme Court Rule 1, Title 7, Code 1940, Appendix (dealing with assignments of error and joinder therein), does not require that assignments of error be followed by reference to the page of the transcript where the action, or actions, made the basis of the assignment are to be found; but we have held that where appellant's counsel, following an assignment of error, refers to certain record pages, and this Court finds no such ruling at the pages referred to, no question is presented for our determination. Brooks v. Everett, 271 Ala. 354, 124 So.2d 105; Crews & Green v. Parker, 192 Ala. 383, 68 So. 287; Sharpe v. Hughes, 202 Ala. 509, 80 So. 797; Orso v. Cater, 272 Ala. 657, 133 So.2d 864; Mothershed v. Mothershed, 274 Ala. 528, 150 So.2d 372; Morton v. Clark, 10 Ala. App. 439, 65 So. 408; Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568."

In Henry v. Jackson, supra, we declined to consider assignments of error which were followed by references to pages of the transcript on which did not appear the ruling complained of, but we did consider the assignments of error which were not followed by any reference to the pages of the transcript.

█ Henry v. Jackson, supra, was decided and the appeal in the case at bar was submitted prior to March 21, 1966, when Supreme Court Rule 1 was amended so as to require that "each assignment shall list the page or pages of the transcript on which the ruling is recorded." The language just quoted has no effect on appeals submitted prior to March 21, 1966. See 279 Ala. XXIII.

We hold, therefore, that the motion to affirm should be and it is denied.

## Motion to Dismiss Appeal

█ The appellees have filed a motion to dismiss the appeal on the ground that the appellant, the State of Alabama, has not filed the bonds required by § 23 of Title 19 and by § 760, Title 7, of the 1940 Code of Alabama.

Section 72, Title 7 of the 1940 Code, as amended, reads:

"The state may sue in its own name, and is entitled to all remedies provided for the enforcement of rights between individuals, without giving bond or security or causing affidavit to be made, though the same may be required as if the action were between private citizens;

the written direction of the governor of the state to the attorney of record is a sufficient authority for bringing the suit."

In State v. Sharp, 278 Ala. 668, 180 So.2d 264, where the State appealed from a judgment entered in a condemnation proceeding instituted by it, the appellee moved to dismiss the appeal on the ground that the State had failed to post bond or security for costs as required by § 23, Title 19, Code 1940. We did not grant the motion to dismiss, saying in part as follows: " * * * Section 72, Title 7, Code as amended, exempts the State from the giving of bond or security for costs in any suit brought in its own name * * *" (278 Ala. 669, 180 So.2d 265)

The Sharp Case, supra, disposes of appellee's contention that the appeal should be dismissed because the State did not file the bond provided for in § 23, Title 19, Code 1940.

In the Sharp case, supra, we were not called upon to give consideration to the provisions of § 760, Title 7, Code 1940, which reads:

"After final judgment in the circuit court, or other court of like jurisdiction, in ad quod damnum proceedings under section 17 of title 19 of this Code either party may, within thirty days thereafter appeal to the supreme court; but on no appeal taken under this section shall the judgment of the circuit court be superseded if the compensation assessed is paid to the owner, and the costs of the suit are paid into court, or if such compensation together with the costs of suit, are paid into court, and the applicant has given bond in double the amount of the damages assessed, conditioned to pay to the land owner such judgment as may be finally rendered in his favor."

For the purpose of considering appellees' contention that the appeal should be dismissed because the State failed to give the bond provided for in § 760, Title 7, but for that purpose only, we will treat the record and the motion to dismiss as showing that the State has gone into possession of the condemned property and has paid into court the amount of compensation awarded to the appellees together with the costs of suit, but has failed to give "bond in double the amount of the damages assessed, conditioned to pay to the land owner such judgment as may be finally rendered in his favor."

■ We are of the opinion that § 72, Title 7, supra, operates to exempt the State from giving the bond provided for in that part of § 760, Title 7, quoted in the preceding paragraph. Our holding in the Sharp Case, supra, supports that view.

■ We are aware that the provision quoted from § 760, Title 7, is very similar to language used in § 235 of the Constitution but the exemption given to the State in § 72, Title 7, does not violate § 235 of the Constitution, for that section has been held not to apply to the State,—Duy v. Alabama Western Railway Co., 175 Ala. 162, 57 So. 724; Finnell v. Pitts, 222 Ala. 290, 132 So. 2; Brock v. City of Anniston, 244 Ala. 544, 14 So.2d 519.

The motion to dismiss the appeal is denied.

### Merits

■■ Appellant in its brief groups Assignments 1, 2, 3, 4, 5, 6, 7, 8, 9 and 24 under Proposition 1 and the argument there made in support of appellant's contention for error was made in bulk as one. As previously observed Assignments 1 through 9 are bad. Assignment 24 is to the effect that the trial court erred in overruling appellant's motion for a new trial. It is in proper form. The grounds of the motion for new trial listed and argued under Proposition 1 are all to the effect that a new trial should have been granted because of the excessiveness of the verdict. But some of Assignments 1 through 9 do not relate to the amount of the verdict. Hence, as

appellees point out, we cannot consider any of the assignments argued in bulk under Proposition 1, for we have held many times that where unrelated assignments of error are argued in bulk, that is, are grouped and argued together, and one is found to be without merit, the others will not be considered.—Atlanta Life Ins. Co. v. Ash, 228 Ala. 184, 153 So. 261; Pierson v. Busby, 279 Ala. 201, 183 So.2d 796; Henry v. Jackson, 279 Ala. 225, 184 So.2d 133; Piper Ice Cream Co. v. Midwest Dairy Products Corp., 279 Ala. 471, 187 So.2d 228; Johnston v. Byrd, 279 Ala. 491, 187 So.2d 246.

We will observe, however, that the damages award to appellees were considerably less than the amount of damages which their witnesses testified appellees sustained. One of those witnesses fixed appellees' damages at $305,000. See Southern Electric Generating Co. v. Howard, 275 Ala. 498, 156 So.2d 359; State v. Boone, 276 Ala. 16, 158 So.2d 658; State v. Owen, 279 Ala. 281, 184 So.2d 362. In Southern Electric Generating Co. v. Howard, supra, none of the landowner's witnesses was a professional appraiser.

■ In its brief appellant groups Assignments 21, 22, 23 and 24 under Propositions 2, 3 and 4. These assignments of error are related. Assignments 21, 22 and 23 are all to the effect that the trial court erred in refusing to grant appellant's motion for a mistrial because of a statement made by appellees' counsel in his argument to the jury. As pointed out above, Assignment 24 is that the trial court erred in overruling appellant's motion for a new trial and the grounds of the motion for new trial listed and argued under Propositions 2, 3 and 4 are to the effect that a new trial should have been granted because of the trial court's failure to grant appellees' motion for mistrial based on the argument of appellees' counsel. It is well established that several assignments of error raising kindred questions may be presented under the same argument. White Dairy Co. v. Sims, 230 Ala. 561, 161 So. 812; Hartford Fire Ins. Co. v.

Clark, 258 Ala. 141; 61 So.2d 19; Boohaker v. Trott, 274 Ala. 12, 145 So.2d 179.

During the argument to the jury by counsel for appellees, the following transpired:

"MR. BLACKBURN [Counsel for appellees]: Gentlemen, you live here in Baldwin County, and you know that the Federal Government is going to pay the biggest part of the compensation and damages assessed * * *

"MR. MASHBURN [Counsel for appellant]—May it please the Court, I tried to be quiet for a good while there * * * He is approaching on argument not proper; I think it is highly improper to refer to who is paying for the highway; that has nothing to do with it, and I don't know but what it would be my duty at this point, and I do make a motion for a mistrial on the basis of the statement made by the counsel for the land-owner with regard to who is going to pay the cost of the highway—

"THE COURT: I will overrule your motion, but I will instruct the jury at this particular point: Gentlemen, when you go in the jury room to consider the case, it is no concern to you at all as to who pays the judgment and don't you consider that. You will put that completely out of your mind.

"MR. MASHBURN: We except."

The appellant insists that the statement made by Mr. Blackburn, counsel for appellees, was highly improper and that the poison and prejudice which it injected into the case was not eradicated by the trial court's admonition to the jury not to consider it.

The statement of Mr. Blackburn, standing alone, was certainly prejudicial and the record contains no evidence to support it. However, we need not concern ourselves with the question as to whether it was so prejudicial as to be ineradicable because the record shows that it was reply in kind to improper argument first made by one of the lawyers for the appellant (Mr. Owens), who

in his argument to the jury stated that the plaintiff in the case is the State of Alabama, "which as you know is all of us—which includes the defendants in this case as well as you and the other people here, inasmuch as this was a limited access highway with no enhancement concerned, it was up to the jury to be eminently fair to all parties concerned."

The statement of Mr. Owens was an appeal to the self-interest of the jurors as taxpayers and was improper. *Williams v. City of Anniston,* 257 Ala. 191, 58 So.2d 115; *St. Clair County v. Bukacek,* 272 Ala. 323, 131 So.2d 683. As we have indicated above, we entertain the view that the statement of Mr. Blackburn was provoked or produced by the statement of Mr. Owens and consequently can furnish no ground for reversal. *St. Clair County v. Bukacek,* supra, and cases cited.

In its brief appellant groups Assignments 20, 24 (Ground 19 of the motion for new trial) and 25 under Proposition 5. These assignments are so related that they may be argued in bulk. See *Boohaker v. Trott,* supra.

Two parcels of land are involved. At this point in the opinion we are concerned only with the larger tract which, prior to the taking, consisted of approximately 960 acres of land, which was operated as a single farming unit. Appellees planted row crops and silage and raised cattle on the 960-acre tract. Some of it was timber land. All of the witnesses gave testimony to the effect that it was a very valuable piece of property.

The controlled or limited access highway, which runs in an easterly and westerly direction, takes approximately ninety acres of that tract. Approximately 480 acres is left north of the highway and approximately 390 acres is left south of it. Appellees' silos are situated north of this highway and at least some of the fields where silage has been raised are situated south of the highway. No overpass or underpass has been provided or authorized which will enable appellees to transport silage from the fields in the tract south of the highway to the silos situated on the north side.

The assignments of error with which we are presently concerned, those argued under Proposition 5 of appellant's brief, are all in connection with the following question asked Charles Barnhill, one of the appellees, on direct examination by his lawyer:

"Now I will ask you if you have computed the distance, assuming you raised silage on this part of the 960 acres south of the highway, if you raised silage here and transported it up here to the silo after the highway is built and the way you have to travel, the number of miles it would require you to travel to transport that silage to your silo."

Objection interposed by counsel for appellant was overruled and the witness stated that he had computed the total mileage and that "just for the wagons and trucks for 800 round trips, between five and six thousand miles."

In *Blount County v. Campbell,* 268 Ala. 548, 552, 109 So.2d 678, 681, we said in part as follows:

"The well-established general rule of compensation in a condemnation proceeding where only a part of a tract is taken is that the owner is entitled to the difference between the value of the entire tract immediately before the taking and the value of the part of the tract remaining after the taking. (Authorities cited) In determining the value of the property after the taking the jury should consider any factor or circumstance which would depreciate the value in any way. (Authorities cited) This includes any effect that the completed project for which the land is condemned may produce on the remaining tract. (Authorities cited)"

The main question presented in *St. Clair County v. Bukacek,* supra, was whether the jury in a case of this kind is entitled to consider, in assessing damages, the deprivation or limitation of access to a controlled access highway when the highway is con-

structed on a new right-of-way, and where the landowner had no previous access rights to this highway.

We answered the question in the affirmative, saying in part as follows:

"* * * If a conventional four lane access highway is built through the property, the remaining land has one value; if a four lane non-access highway is built, the remaining land has a lesser value, because the abutting landowner has no frontage, cannot cross the highway from one tract to the other and must use a circuitous route to go from one tract to another, where formerly the tract was not divided. Under the law of this state, these differences in value are to be considered in arriving at the total difference in the value of the property before and after the taking.

"In view of our constitutional provisions, statutes and decisions, we hold that where, as here, the property right of access is condemned and the abutting property owner is denied access to the controlled or limited access highway, this factor or circumstance is proper for the jury to consider in arriving at just compensation to be awarded the owner of the land." (272 Ala. 329–330, 131 So.2d 689)

At least some of the witnesses who testified for the State, the appellant, stated in effect that in fixing the amount of the damages to appellees by the construction of the controlled or limited access highway, they did not take into consideration the fact that the highway divided the 960-acre tract into two tracts, with the landowners not having the right to cross the highway from one tract to the other.

On the other hand, the witnesses who testified for appellees took those factors into consideration. As we have shown, those factors are proper for the jury's consideration.

We are of the opinion that the evidence of the witness Charles Barnhill, with which we are presently concerned, was properly admitted. It does not simply show an inconvenience to the present landowners, but has a direct bearing on the value of the land before its taking and the value of appellees' land remaining after the taking.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.