205 So.2d 526

**W. N. MABREY**

v.

**R. D. DICKSON.**

**8 Div. 133.**

Court of Appeals of Alabama.

Dec. 19, 1967.

Jack Floyd, Gadsden, for appellant.

T. J. Carnes, Albertville, for appellee.

JOHNSON, Judge.

This appeal is made from a judgment on a promissory note rendered against appellant in the amount of $812.17, including interest, by the County Court of Marshall County, Alabama. The complaint alleged that appellant executed a promissory note to the State National Bank of Alabama, Albertville, Alabama, on June 18, 1965, in the original amount of $772.17; that appellee signed as surety on this note, which was due June 18, 1966; and that appellant did not pay when called upon to do so, and appellee paid the note as surety. In his complaint appellee also claimed the sum of $200.00 "as reasonable attorney's fees" as appellant had waived all exemptions and had promised to pay same.

Appellee testified that he and appellant had signed a promissory note at the bank for $772.17, including interest, and he (appellee) received the money, marking appellant's account with him for truck tires as paid. Appellee testified that he paid the Bank the full amount of $772.17 on July 18, 1966.

Appellee stated that he did not have notice that appellant had filed a bankruptcy petition, and that he first heard of the bankruptcy of appellant when called upon by the Bank to pay the note.

Appellant testified in his own behalf that he thought he was "doing a favor" for appellee by signing the note, but had told appellee about his bankruptcy petition "about the turn of the year."

W. J. Alverson, Assistant Vice-President of the State National Bank of Albertville, Alabama, and M. G. Moultrie, Vice-President of said Bank, testified that appellant and appellee were "co-makers of the note" in their opinions, and were treated as such; that the Bank had received notice from the Federal Bankruptcy Court that appellant had filed a petition in bankruptcy and this was discussed with appellee "before the note was due", prior to thirty days before the note was paid.

Appellee, upon being recalled, testified that the money paid to him from the note in question covered the $689.69 account of appellant. Appellee also stated that he was told of appellant's bankruptcy about thirty days before the note was due.

We will not here indulge in extenso with the alleged errors of this case, as they are not properly before this court for consideration. In his brief, counsel for appellant has grouped together Assignments of Error Nos. 1 and 3 for argument. Assignment of Error No. 1 states that the "decree" of the court is "contrary to law", and No. 3 states that appellant should have had all defenses available to him as had the State National Bank.

The case of State v. Barnhill, 280 Ala. 574, 196 So.2d 691, states in part as follows:

" * * * we have held many times that where unrelated assignments of error are argued in bulk, that is, are grouped and argued together, and one is found to be without merit, the others will not be considered.—Atlanta Life Ins. Co. v. Ash, 228 Ala. 184, 153 So. 261; Pierson v. Busby, 279 Ala. 201, 183 So.2d 796; Henry v. Jackson, 279 Ala. 225, 184 So.2d 133; Piper Ice Cream Co. v. Midwest Dairy Products Corp., 279 Ala. 471, 187 So.2d 228; Johnston v. Byrd, 279 Ala. 491, 187 So.2d 246."

In Smith v. Smith, 279 Ala. 570, 188 So. 2d 530, the court stated in part the following:

"Assignment of error No. 2 is as follows:

" '2. For that the *Decree* rendered in this cause is contrary to the law.'

"It has been held that this type of assignment of error presents nothing for review and is without merit. See: Vernon v. Prine, 277 Ala. 402, 403, 171 So. 2d 110; Franklin v. State, ex rel. Trammell, 275 Ala. 92, 93, 152 So.2d 158." (Emphasis ours.)

■ Thus, under authority of *Barnhill*, supra, the argument made by appellant cannot here be considered by this court.

■ Appellant's Assignment of Error No. 2 was not argued by appellant and is, therefore, waived by him. Sup.Ct.Rule 9.

The judgment in this cause is, therefore, due to be and the same is hereby

Affirmed.

1. Generally, under Code 1940, T. 13, § 86, equity appeals do not come to the Court of Appeals. However, I pretermit here consideration of the distinction between

CATES, Judge (concurring specially).

I see no need for us to detail either law or evidence. Code 1940, T. 13, § 66; Frederick v. State, 28 Ala.App. 494, 188 So. 272.

Appellant's counsel in brief has assigned error under Assignment No. 1, "For that the *Decree* [1] of the Court in this cause is contrary to the law," and under No. 3, "For that the *Decree* of the Court in this cause is contrary to the law in that the Appellee is a holder of the note made the basis of the suit after maturity and the Appellant should have been allowed to claim all defenses available to him between the maker and payee, State National Bank, a national banking association, against the Appellee." (Italics added.)

Assignment No. 1 is not a proper way to raise a question decided in the court below, even in a civil non-jury action at law. Vernon v. Prine, 277 Ala. 402, 171 So.2d 110.

Assignment No. 3 fails to refer to any specific ruling sought and obtained from the judge in the course of the trial.

These two unrelated assignments have been argued in bulk together. Under Zanaty v. Hagerty, 280 Ala. 232, 191 So.2d 516, and State v. Barnhill, 280 Ala. 574, 196 So.2d 691, if any one of such assignments lumped together is bad, the entire argument is disregarded. Callahan v. Booth, 275 Ala. 275, 154 So.2d 32.

Assignment No. 2 has not been argued, and, hence, appellant has waived all contentions assertable thereunder.

Assignments of **error** under Alabama practise are indispensable to review of civil cases on appeal. Here, in effect, we have none.

"decree" and "judgment." Examples of synonymy and antonymy of these terms can be found in law dictionaries and Words and Phrases, Vol. 11.