228 So.2d 777

Mary Josephine **KINSAUL** et al.,

v.

**FLORALA TELEPHONE COMPANY, Inc.,**
a Corporation et al.

**4 Div. 275.**

Supreme Court of Alabama.

Nov. 7, 1969.

Rehearing Denied Dec. 11, 1969.

Tipler & Fuller, Andalusia, for appellants.

Albert L. Rankin, Albrittons & Rankin, Andalusia, for appellees.

MERRILL, Justice.

This appeal is from a decree dismissing a bill in equity after a hearing filed by appellant stockholders and directors against Florala Telephone Company, Inc., its president, Lloyd G. Vaughan, and A. B. Lowery and H. G. Huggins, who, along with appellants are the other stockholders and directors of the corporation.

Florala Telephone Company was owned by a man named Vaughan. At his death, this property passed by will to his widow and children in the following manner:

| | |
|---|---|
| Nora S. Lawrence (widow) | ⅖ths |
| Lloyd Vaughan (son) | ⅖ths |
| Mary Kinsaul (daughter) | ⅕th |
| William Vaughan (son) | ⅕th |
| Gertrude Shiver (daughter) | ⅕th |

In 1947, Lloyd Vaughan purchased the undivided interests of his brother William and his sister Gertrude for $5,000 each. He borrowed the $10,000 purchase money from the Bank of Florala, giving his ⅖ths interest and the purchased ⅖ths interest as security for the $10,000. In 1950, he, being the member of the family who had managed and operated the business, began negotiations with the Rural Electrification Agency to borrow funds for the expansion of the company. Two of REA's conditions were that the company become a corporation and that the encumbrance on Lloyd Vaughan's interest be cleared.

Vaughan then obtained the agreement of the widow and his sister to an incorporation wherein stock would be issued on a "pro rata basis" with the interests in the partnership. He also obtained a second agreement that, when the company was formed, it would lend him $10,000 at 2% per annum interest on a thirty-five year note. This incorporation gave him roughly 57% of the new company. But in order to get sufficient cash in the company to enable it to lend him $10,000, Vaughan resorted to selling a $30,000 preferred stock issue. Having a little over $25,000 paid in, he borrowed the $10,000 and used $5,875.00 of it to "pay down" the bank note. The bank then released the security and took an open renewal of the unpaid balance. The remaining $4,125.00 was used to purchase the unbought preferred stock.

The bill sought an accounting from the corporation and Vaughan as to his actions involving the use of company funds and assets.

Respondents answered and denied any wrong doing, showed that complainants knew of and agreed to Vaughan's activities to get the REA loan at the time, and after waiting fifteen years were guilty of laches, that they, as stockholders and directors, had access to all the books and records of the company, and that if complainants had a claim, it was barred by the statute of limitations.

The trial court filed a comprehensive opinion dealing with the contentions of the parties. The opinion part of the decree ends with this sentence: "It is the opinion of the Court that the complainants have failed to prove their case as alleged in the bill of complaint filed in this cause on the 8th day of December, 1964, and that the same should be dismissed, and the cost of this proceeding taxed against them."

The only reference to any assignments of error in appellants' original brief is on page 7 of their brief, which page is between the last page of "Propositions of Law" and the page labeled "Argument." We consider page 7 as part of the argument section of the brief and that page reads:

"PROPOSITIONS OF LAW I, II, III, IV, V, VI, and VII

"The issue of whether the court below erred in entering its decree and failing to require an accounting from the respondent and to impose a constructive trust on the profits realized through respondents' breach of his fiduciary duty is treated in and is the basis of Assignments of Error 2, 3, 10 and 11.[1]

1. The errors were assigned 'separately and severally'. The above listed Assignments of Error involve the same substantial questions.

"PROPOSITION OF LAW VIII

"The issue of whether the complainants failed to prove their case in face of the fact that the burden is on the respondent to affirmatively show his good faith and fairness and loyalty to the corporation solely is treated in and is the basis of Assignments of Error 3, 4 and 13.

Argument contained in the individual sections of this brief is assigned, separately and severally, to each assignment of error appearing in such section."

(We note that there are no "individual sections" in the "argument" part of the brief).

Since this is the only mention of any assignments of error in the brief, the others will be deemed waived and will not be considered by the court. Alabama Power Co. v. Scholz, 283 Ala. 232, 215 So.2d 447; International Union, etc. v. Palmer, 267 Ala. 683, 104 So.2d 691; Supreme Court Rule 9.

Assignments 2, 10 and 11 read:

"2. The decree of the Court dated April 19, 1966, is contrary to the law.

"10. The Court erred in finding in its decree of April 19, 1966, as follows: That the respondent, Lloyd G. Vaughan has not converted any profits of the corporation to his own use.

"11. The Court erred in finding in its decree of April 19, 1966, as follows: That the respondent, Lloyd G. Vaughan is under no duty to account for any monies alleged to have been paid by the corporation to himself and to his son."

Assignment 2 presents nothing for review and is without merit whether at equity or law. Smith v. Smith, 279 Ala. 570, 188 So.2d 530 (equity); Franklin v. State ex rel. Trammell, 275 Ala. 92, 152 So.2d 158 (equity); Vernon v. Prine, 277 Ala. 402, 171 So.2d 110 (law); Andrews v. May Supply Co., 277 Ala. 248, 168 So.2d 619 (law).

We also note that assignment 11 is without merit for two reasons. First, before equity will entertain a stockholder's action on behalf of the corporation, the complaining stockholder must first seek redress within the corporate body, unless from the bill it is clearly shown that if such demand had been made it would have met with refusal. American Life Ins. Co. v. Powell, 262 Ala. 560, 80 So.2d 487, and cases there cited.

Title 10, § 34, Code 1940, was superseded by Act No. 414, approved November 13, 1959, and now appears in the 1958 compilation as Tit. 10, § 21(46) Pocket Part. It provides in part:

"Any person who shall have been a stockholder of record for at least six months immediately preceding his demand or who shall be the holder of record of at least five per cent of all the outstanding shares of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose, its books and records of account, minutes, and record of stockholders and to make extracts therefrom."

It also provides for a penalty for refusal of such examination "without reasonable cause."

Here, the appellants were not only stockholders but directors, and there is no allegation that they made any written demand under the statute, or that it was refused or would have been refused. The record also reveals that one of the appellants, Nora S. Lawrence, voted, as a director, to approve two of the actions of appellee Vaughan which are now attacked in this action. We are convinced that there is no merit in assignment of error 11.

Assignments 2, 10 and 11 were argued together and since 2 and 11 were without merit, it is unnecessary to consider 10, under the rule that where unrelated assignments of error are argued in bulk in brief, and one is found to be without merit, the court will not consider the others. Piper Ice Cream Co. v. Midwest Dairy Products Corp., 279 Ala. 471, 187 So.2d 228; Callahan v. Booth, 275 Ala. 275, 154 So.2d 32.

Assignments of error 3, 4 and 13 read:

"3. The decree of the Court dated April 19, 1966, is contrary to the evidence.

"4. There is not sufficient legal evidence to support the decree of the Court dated April 19, 1966.

"13. The Court erred in finding in its decree of April 19, 1966, as follows: That the complainants failed to prove

their cause as alleged in the bill of complaint and that the same should be dismissed and the cost taxed against them."

The assignments are related because all are concerned with the sufficiency of the evidence, and it was not error to argue them together in brief. Southern Electric Generating Co. v. Lance, 269 Ala. 25, 110 So.2d 627.

But appellees argue that we cannot consider these assignments of error and we agree. Supreme Court Rule 9(b) reads:

" * * * under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; * * *."

■ The index to the record shows that seven witnesses testified, but there is no effort by appellants to comply with Rule 9(b). When there is no compliance with the rule, we apply the presumption that the record contains evidence to sustain every finding of fact. Evergreen Heading Co. v. Skipper, 276 Ala. 623, 165 So.2d 705; Nixon v. Richardson, 281 Ala. 632, 206 So.2d 877.

■ Although appellants filed a reply brief in which an attempt was made to meet objections to their original brief raised by appellees, such brief cannot be looked to in order to determine whether the original brief complies with Supreme Court Rule 9. Piper Ice Cream Co. v. Midwest Dairy Products Corp., 279 Ala. 471, 187 So.2d 228.

This case was originally submitted to another justice and was transferred to the author of this opinion on October 10, 1969.

No reversible error is presented for our consideration.

Affirmed.

LAWSON, HARWOOD, MADDOX and McCALL, JJ., concur.